## COMMONWEALTH vs. JAMES QUINN.

Norfolk.    November 25, 1889. — January 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Burning — Evidence of Conversations — Circumstantial Evidence — Illustration in Charge to Jury.*

At the trial of an indictment for burning a building, after a general statement by the government as to the purport of certain conversations with the defendant three years before, in the course of which, among other things, threats were made by him against the owner of the building, the defendant before they were offered in evidence objected to their admission, but after their admission did not specifically object to any part of them as irrelevant or inconsistent. *Held,* that the evidence as to the threats was competent in the discretion of the judge, and that the defendant showed no ground of exception.

The judge refused to give a large number of instructions requested by the defendant as to circumstantial evidence, but gave to the jury other instructions upon that subject, in the course of which he instructed them that such evidence must all be consistent with the defendant's guilt as well as inconsistent with his innocence, and must establish every material fact necessary to convict him beyond a reasonable doubt. At the close of the charge, the defendant's counsel excepted to everything in the charge inconsistent with the requests, but did not point out any particulars in which it was inconsistent, and, in a brief upon which he submitted the case on a bill of exceptions alleged by him, only objected that one of his requests was not given, to the effect that "the inference of guilt to be drawn from the facts proved" by such evidence must be reasonably and morally certain. *Held,* that the defendant had no ground of exception.

An illustration, used by the judge in his charge to the jury, which he told them, upon the defendant's objecting thereto, was not by any means the case before them, was *held* to afford the defendant no ground of exception.

INDICTMENT for burning the barn of Edward L. Pierce, in Milton. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, which, so far as material to the points decided, is as follows.

Among other evidence tending to show that the defendant committed the offence in question, a police officer of Milton testified that at about eleven o'clock P. M. on July 7, 1889, as he was near the barn in question, he heard a crackling sound and smelt smoke; that upon proceeding to a point still nearer the barn, he saw a man running on Mr. Pierce's land at the rear of the barn, and, after stopping apparently to look at the barn, from which the flames were beginning to break out,

again starting to run; that he followed this man, and, upon recognizing the defendant, arrested and conveyed him to the town lock-up; that the defendant, who lived in the vicinity, was barefooted and bareheaded and in his shirt sleeves; and that upon searching him at the lock-up there were found upon him matches and a partially loaded revolver. There was evidence that the house of Mr. Pierce had been robbed in March, 1886, and the same officer was permitted to testify to lengthy conversations had by him with the defendant in the spring of 1886, in the course of which, among other things, the defendant, after telling the officer that he understood that Mr. Pierce suspected him of committing the robbery, and taxing the officer with having communicated the suspicion to Mr. Pierce, and after also giving the officer the name of his informant, threatened to sue Mr. Pierce and the officer, saying to the officer, " I will make you sweat for it, and him too," and, " I will make it hot for you, I'll make you sweat." The defendant duly excepted to the admission of this evidence before it was offered, upon the general statement as to its purport, but no other objection was made as to any particular question or answer on any special ground.

At the close of the evidence the defendant presented to the judge nine requests, among others, for instructions to the jury upon the subject of circumstantial evidence, of which the judge gave one, but refused to give the remainder, the fifth request being as follows :

" 5. Where the evidence relied upon in support of the indictment is entirely circumstantial, the inference of guilt to be drawn from the facts proved must be a reasonable and natural one, and to a moral certainty a certain one. It is not sufficient that it is probable only ; it must be reasonably and morally certain."

The judge instructed the jury upon that subject, among other things, as follows : " There is no maxim of the law that circumstantial evidence is less weighty than direct, or that direct is more weighty than circumstantial. The law does not undertake to say any such thing. It leaves the relative weight of the evidence in each case to the jury. And you see at once, gentlemen, that there may be circumstantial evidence

stronger than some direct evidence. . . . Now take a case of this kind. You hear a report of a pistol, and the next moment you see a man come running from a room with a pistol still smoking. You seize him, go into the room, taking him with you, and there you find a man lying weltering in his blood. That is circumstantial evidence. It is not direct, although the government may say, as they do here, that the man was caught red-handed in the act; that would be a rhetorical, and not a logical statement. Nobody saw that man with a pistol shoot this man. It is a case of circumstantial evidence. You would say, however, probably, in a case of that kind, if nothing else appeared, there would not be any reasonable doubt that the man coming out with a pistol still smoking from the room where the murdered man lay, if there was nothing to explain that circumstance, was probably the man who committed the murder. . . . As I say, circumstantial evidence may be of the strongest kind, it may be of the weakest kind, and it may shade all the way between. And after all, gentlemen, in all cases of this kind, the ultimate appeal is to your judgment and good sense, and all that the law has to say about it is, that you must be well satisfied beyond a reasonable and an honest doubt about the matter. Now, in regard to this matter, gentlemen, the sum of what I am asked to state to you I shall condense and put into these propositions. Every material fact necessary to convict the defendant must be established beyond a reasonable doubt. It is a rule of law, that, where a criminal charge depends upon circumstantial evidence, such evidence must be all consistent with the defendant's guilt, and in its whole effect it must be inconsistent with any other reasonable conclusion than that the defendant is guilty. If there is any reasonable explanation or hypothesis which will account for the incriminatory circumstances, the defendant is entitled to the benefit of it. . . . It must be a reasonable explanation, and not a mere possible one. To illustrate this, take the case I have supposed. It would be possible for a man to say, or for the defendant to say, or for anybody to say, that that man shot himself, and that the man who was running away with the pistol took the pistol, — that he had snatched it from his hands and run

off with it. . . . But . . . it is a strained, violent, and unreasonable hypothesis to suppose that a man shot himself, and that a man who happened to be in the room caught up the pistol and ran out with it smoking, and exposed himself to the charge of being the person who had done the act; and unless there was something else in the case, you would reject such an explanation as being impossible. . . . The defendant is to have the benefit of any reasonable hypothesis which strikes your mind as a reasonable one, and creates a reasonable doubt of his guilt. Or, in other words, stating it in the language of an eminent justice of the Supreme Court: ' To constitute proof sufficient for conviction, every material circumstance proved must be consistent with the defendant's guilt, and all taken together must be inconsistent with his innocence.' "

At the close of the charge, the defendant excepted to the refusal of the judge to give the instructions requested, " and as to anything that is inconsistent, if there is anything," as well as to the above illustration as to the man running from a room with a pistol and the subsequent finding of a person who had been shot in the room. The judge then said that he would not have the jury understand that that was this case, by any means.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. E. Cotter & J. W. McAnarney*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The evidence of the conversations with the defendant in regard to the robbery of Mr. Pierce's house was competent to show ill will by the defendant to Mr. Pierce, and threats against him. The conversations were more than three years before the burning. The lapse of time would not render the evidence legally incompetent. Its effect would be upon the weight to be given to the evidence, in view of all the circumstances, and its admission rests largely in the discretion of the trial court. *Commonwealth* v. *Bradford*, 126 Mass. 42. The circumstances might be such as to make it proper for the court to decline to allow the evidence to go

to the jury, or they might be such that the lapse of time would strengthen the effect by showing a long-cherished and persistent hostility. The exceptions state that the objection to the evidence was made before it was offered, and upon the general statement as to its purport, and it seems to have been to the substance of the declaration rather than on account of the time which had elapsed, and there does not appear to have been any occasion to state the circumstances which controlled the discretion of the court in admitting the evidence. The objection that a part of the conversation was not competent, is met by the fact that that part was not specially objected to. It must be assumed that the evidence offered was of the declarations of the defendant in regard to Mr. Pierce. The defendant made no objection, except to the evidence when offered. If, when the evidence was given, it appeared that such declarations formed part of a conversation which also contained irrelevant and incompetent matter, and the defendant desired that such part should be excluded, he should have stated his objection and presented the question whether the whole conversation on the subject should go in. He cannot allow a whole conversation to go in without asking any ruling or instruction in regard to a particular part of it, and have a new trial on the ground that the court should have excluded that part, or have given the jury special instructions in regard to it.

The instructions given were full and proper. The court was not obliged to repeat to the jury the nine propositions, or different statements of the same proposition, of law respecting circumstantial evidence which were presented by the defendant's counsel, and the exception as to anything in the charge inconsistent with them, if there was anything, was too general. The only objection in regard to the defendant's prayers that is mentioned in his brief is that the fifth was not given. We think that it was given in substance.

A general exception is alleged to an illustration used by the court in its charge. But the illustration is unexceptionable.

*Exceptions overruled.*