MARGARET KAIN, AS ADMINISTRATRIX OF THE ESTATE OF DAVID KAIN, DECEASED APPELLANT, v. PATRICK LARKIN, RESPONDENT.

*Contributory negligence — application of the rule to the case of an assault and battery.*

The rule applicable to cases of negligence, that the plaintiff cannot recover if the party injured in any degree contributes to the injury, does not apply to an action for injuries caused by an assault made by the defendant.

An act of the plaintiff, however slight, which excites the defendant to commit an assault, however violent, will not prevent a recovery for such assault by the plaintiff.

APPEAL by the plaintiff from a judgment entered, in the above-entitled action, in the office of the clerk of the county of Ulster on the 3d day of April, 1888, and also from an order denying plaintiff's motion for a new trial on the judge's minutes, entered in said office on the 3d day of April, 1888, after a trial at the Ulster Circuit

before the court and a jury, which latter rendered a verdict of no cause of action.

The action was brought, under section 1902 of the Code of Civil Procedure, to recover damages, in favor of the personal representative of one David Kain, alleged to have been caused by the wrongful act of the defendant.

It appeared in the evidence that about ten o'clock in the evening one Larkin, who was a police officer, while patrolling his beat, met Kain on the sidewalk of one of the streets in the city of Kingston, where they got into some contention, and Larkin pushed Kain off the sidewalk. Kain returned to the sidewalk, when Larkin drew a pistol and shot and killed him.

*G. R. Adams*, for the appellant.

*F. L. Westbrook*, for the respondent.

LEARNED, P. J.:

The Code of Civil Procedure, section 1902, authorizes this action in case the defendant would have been liable to an action in favor of the decedent if death had not ensued. Section 1899 shows that the defendant is liable to this action, although he might also be criminally prosecuted.

Whether the proof, therefore, would justify a recovery would depend upon whether the deceased could have recovered against the defendant if death had not ensued. The learned justice who tried the cause charged that the plaintiff could not recover if the decedent in any degree contributed to the injury. In thus charging he applied the rule which governs actions based solely on the negligence of the defendant. In such actions if the negligence of the plaintiff contributed to the injury, he cannot recover. But this rule does not apply to an action for injuries caused by an assault of the defendant. An assault committed by the plaintiff on the defendant does not necessarily justify the defendant in shooting at and wounding the plaintiff. What the defendant may do in self defense is another matter. How far acts of the plaintiff may mitigate damages is also another matter. But it is not the law that an act of the plaintiff, however slight, which excites the defendant to commit an assault, however violent, will prevent a recovery.

Now, in this case the defendant, who was acting as an officer, told Kain, the deceased, to go about his business and shoved him off the sidewalk. Kain came back and defendant again told him to go home. He said defendant could not make him. Then defendant shot him. On this evidence, which is substantially the evidence in the case, there was no justification whatever for the defendant's wanton and cruel act. There could be no doubt that if Kain had not died he could have recovered against the defendant. The statutes which have allowed a recovery by the executor or administrator in case of death have not been intended to change the grounds of liability, only to continue the right of action, which formerly abated with the death of the injured party. If this had been an action for negligence, the rule would have been properly applied by the court. But as it was an action for an intentional wrong, an assault and battery, the rule did not apply.

The judgment should be reversed, new trial granted, costs to abide event.

LANDON, J., concurred; MAYHAM, J., not acting.

Judgment reversed, new trial granted, costs to abide event.