FRANK L. MAGAR, Respondent, v. STODDARD HAMMOND et al.,
Appellants.

1. FISH PRESERVE AND PRIVATE PARK — SHOOTING OF TRESPASSER
BY WATCHMAN OR GAMEKEEPER — LIABILITY OF OWNER OF PARK.
The owner of a fish preserve and private park, established and posted
as required by law, owes no duty to trespassers poaching thereon except
to abstain from willfully, wantonly or recklessly injuring them; and
where a trespasser, who had been taking trout from a pond within a pri-
vate preserve and park, was injured by a bullet from a rifle discharged
by a watchman or gamekeeper employed to guard the pond, the owner is
not liable unless the watchman's act was within the general scope of his
employment, and whether such act was or not is a question of fact for
the jury in an action brought to recover for such injury; it is reversible
error, therefore, for the trial court to refuse to charge, when requested
by defendant, that the defendant was not responsible if the shooting was
accidental or merely negligent.

2. SAME — WHEN CONTRIBUTORY NEGLIGENCE NOT A DEFENSE.  The
defendant in such action, being liable only for a wanton, willful or reck-
less injury inflicted upon the plaintiff by the watchman or gamekeeper
within the scope of his employment, so that no liability can be predicated
on negligence, the contributory negligence or positive wrong of the
plaintiff in trespassing on the private park becomes immaterial.

*Magar* v. *Hammond*, 95 App. Div. 249, reversed.

(Argued December 4, 1905; decided January 9, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
June 14, 1904, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action, and the facts, so far as material,
are stated in the opinion.

*Henry Bacon, John J. Beattie* and *George H. Carpenter*
for appellants.  The defendant Hammond being in the lawful
possession of this property, and the defendant Tompkins being
lawfully in his employ in preserving the property, owed no
duty to the plaintiff except to abstain from doing him willful
and unnecessary injury. (Cooley on Torts, 660; *Blyth* v.

*Topham*, 2 Croke, 158"; *Brock* v. *Copeland*, 1 Esp. 203;
*Jordan* v. *Crump*, 8 M. & W. 781; *Nicholson* v. *Erie R. R.*
*Co.*, 41 N. Y. 525; *Larmore* v. *C. P. I. Co.*, 101 N. Y. 391;
*Sterger* v. *Van Sicklen*, 132 N. Y. 499; *Bush* v. *Brainard*,
1 Cow. 78; *Robertson* v. *N. Y. & E. R. R. Co.*, 22 Barb.
91; *Baker* v. *Byrne*, 58 Barb. 438; *Roulston* v. *Clark*, 3
E. D. Smith, 366.) The court should have excluded from
the jury the question of the defendants' negligence by charg-
ing that the defendants are not liable for injuries sustained
by the plaintiff while he was on premises of the defendant Ham-
mond, engaged in a criminal act, if such injuries resulted from
accident or negligence upon the part of the defendant Ham-
mond or his employee in discharging the gun. (*T. R. R.*
*Co.* v. *Munger*, 5 Den. 255; *Perry* v. *N. Y. C. R. R. Co.*,
22 Barb. 574; *Boyle* v. *N. Y., L. E. & W. R. R. Co.*, 39
Hun, 171; 115 N. Y. 636; *Sutton* v. *N. Y. C. & H. R. R. R.*
*Co.*, 66 N. Y. 243; *McAlpin* v. *Powell*, 70 N. Y. 126; *John-*
*son* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 79; *Albert*
v. *City of New York*, 75 App. Div. 553; *Walsh* v. *F. R. R.*
*Co.*, 145 N. Y. 301; *Downes* v. *E. B. Co.*, 41 App. Div. 339.)
The plaintiff is not entitled to recover against both defendants
if the act of Tompkins was a willful or wanton act intended
to injure or reckless of the probable injury to the plaintiff or
any other person. (*Pinder* v. *B. H. R. R. Co.*, 173 N. Y.
519; *Fraser* v. *Freeman*, 43 N. Y. 566; *Higgins* v. *W., etc.*,
*R. R. Co.*, 46 N. Y. 23; *Isaacs* v. *T. A. R. R. Co.*, 47 N. Y.
122; *Mott* v. *C. I. Co.*, 73 N. Y. 543; *Girvin* v. *N. Y. C.*
*& H. R. R. R. Co.*, 166 N. Y. 289; *Ochsenbein* v. *Shapley*,
85 N. Y. 214; *Poucher* v. *Blanchard*, 86 N. Y. 256; Thomas
on Negligence [1st ed.], 15.)

*William Vanamee, Abram·F. Servin* and *Thomas Watts*
for respondent. The defendant Hammond owed to plain-
tiff the duty that his servants, while acting in the course
of his business, should refrain from conduct which might
reasonably be apprehended to injure him, whether such con-
duct be characterized as willful, wanton, reckless or merely

thoughtless. (*Johnson* v. *N. Y. C. & H. R. R. R. Co.*, 173 N. Y. 79; *Remer* v. *L. I. R. R. Co.*, 48 Hun, 352; *White* v. *N. Y. C. & H. R. R. R. Co.*, 47 N. Y. S. R. 174; *Wright* v. *Wilcox*, 19 Wend. 343; *Vanderbilt* v. *R. T. Co.*, 2 N. Y. 479; *Mali* v. *Lord*, 39 N. Y. 381; *Frazer* v. *Freeman*, 43 N. Y. 566; *Isaacs* v. *T. A. R. R. Co.*, 47 N. Y. 122; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129.) Defendants' exceptions to portions of the charge and to refusal of requests to charge are of no avail. (*Ochsenbein* v. *Shapley*, 85 N. Y. 214; *Cosgrove* v. *Ogden*, 49 N. Y. 255.)

CULLEN, Ch. J. This action was brought to recover damages for injuries inflicted on the plaintiff by a bullet from a rifle discharged by the defendant Tompkins, a watchman or gamekeeper employed by the defendant Hammond to guard a fishpond, and against said Hammond. The pond was situate in a tract of three hundred acres of forest land in Sullivan county in this state. The defendant Hammond had stocked it with fish and posted the notices required by law for its protection. The plaintiff, with two companions, at night, had been taking trout from the pond and was in the woods on its bank when Tompkins passed by in a boat and fired either three or four shots at him and his companions, as claimed by the plaintiff, the third of which struck the plaintiff. On the other hand, Tompkins denied he was in any way aware that the plaintiff, or any other person, was in the adjacent woods, and asserted that he fired the shots in the air simply to frighten off any poachers that might be in the vicinity. The case has been here before, when a judgment recovered by the plaintiff was reversed for error in the charge (171 N. Y. 377). In the report of that appeal the facts of the case are recited in detail. The evidence given on the present trial is substantially the same as that on the previous one.

We think the rules of law applicable to the case are well settled and comparatively simple. The plaintiff and his companions were trespassing on the premises of the defendant Ham-

mond and engaged in the commission of a crime. The defend-
ants, therefore, owed them no duty of affirmative care and the
only obligation resting upon the defendants was to abstain
from willfully, wantonly or recklessly injuring them. (*Sutton*
v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 243; *Johnson* v. *Same*,
173. N. Y. 82.) But though the plaintiff and his associates
were engaged in the commission of a crime, that crime was
only a misdemeanor and it did not authorize the use against
them of a deadly weapon or the infliction upon them of seri-
ous bodily harm. Even in the case of a peace officer, he is jus-
tified in the use of a deadly weapon against an offender only
when its use is *necessary* to secure the arrest of the offender,
and when the offender has been guilty of a *felony*. (Penal
Code, secs. 204, 223.) So, when a policeman shot and killed
a fleeing prisoner, the prisoner having been guilty of a
misdemeanor but not of a felony, the policeman was held
guilty of manslaughter. (*Conraddy* v. *People*, 5 Park. Cr.
Rep. 234.) Under these principles of law neither Tompkins
nor his master and co-defendant was liable for the accidental
or merely negligent discharge of his rifle. If, on the other
hand, being aware or believing that the plaintiff, or other
human beings, was on the bank of the pond, Tompkins shot
the plaintiff willfully, intending to hit him or some human
being, or, if without intending to hit the plaintiff or any
human being, he recklessly or wantonly shot where he had
good reason to believe there were human beings, then he is
liable for the injury caused to the plaintiff. To render the
defendant Hammond liable for the willful, reckless or wanton
act of Tompkins, the act must have been done by Tompkins
in the scope of his employment, and whether it was so done
should be submitted as a question of fact to the jury. (*Craven*
v. *Bloomingdale*, 171 N. Y. 439.) If Tompkins, not having
the interests or services of his master in mind, and acting
maliciously or in order to effect some purpose of his own, shot
the plaintiff, then his master, the defendant Hammond, is
not liable for his act; but if his act was within the general
scope of his employment and done with a view to the further-

ance of his master's business, then Hammond is liable whether the act was willful, wanton or reckless. (*Mott* v. *Consumers' Ice Company*, 73 N. Y. 543 ; *Rounds* v. *Del., Lack. & W. R. R. Co.*, 64 N. Y. 129 ; *Lynch* v. *Met. El. R. Co.*, 90 N. Y. 77 ; *Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289 ; *Duvre* v. *Childs*, 52 App. Div. 306 ; affd. on opinion below, 169 N. Y. 585.)

The learned trial judge presented to the jury the question of the defendants' liability substantially on the theory that has been already outlined, except that he did not instruct the jury that the defendants were not responsible if the shooting was accidental or merely negligent, and, when requested to so charge, refused the request. Personally I should incline to the view that this omission and refusal did not constitute error, because the case was not given to the jury on the theory of negligence. My associates, however, are of a contrary opinion and think that the defendants were entitled to an express instruction that they were not liable for negligence. Moreover, I must concede that the use by the learned trial judge, in several portions of his charge, of the term negligence as applied to the conduct of the watchman, affords ground for their opinion. Hence, I yield to their conclusion, and the judgment appealed from must be reversed for the error indicated.

As there is to be a new trial of the case it is proper we should allude to a subject which has in no small measure contributed to the possible confusion in which this case was submitted to the jury. On the previous appeal we reversed the judgment recovered because of the refusal of the trial court to submit to the jury the question of the plaintiff's contributory negligence. It will be seen, however, on an examination of the record then before us that the case went to the jury on the theory of negligence, and that the question of whether such a theory could be upheld was not before us. If the defendants were to be held liable for negligence we held that to that liability the plaintiff's contributory negligence was a bar. Under the views that we have now expressed, however,

that no liability of the defendants can be predicated on negligence, the contributory negligence or positive wrong of the plaintiff in trespassing on the premises becomes immaterial, for it was not the proximate cause of the injury for which he seeks to recover, and contributory negligence is not a defense to a willful or wanton wrong. (*Remers* v. *L. I. R. R. Co.*, 48 Hun, 352; affd. on opinion below, 113 N. Y. 669; *Lannen* v. *Albany Gas Light Company*, 44 N. Y. 459; *Kain* v. *Larkin*, 56 Hun, 79; Thompson on Negligence, secs. 206, 247.)

The judgments of the Appellate Division and the Trial Term should be reversed and new trial granted, costs to abide the event.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgments reversed, etc.