## ROBERT LAMBRECHT v. OTTO SCHREYER.[1]

May 7, 1915.

Nos. 19,045—(49).

**Assault.**

1. Striking a horse driven by another, from malice, wantonness, or recklessness, so that the driver is injured, is an assault.

[1] Reported in 152 N. W. 645.

---

Note.—As to how near the main transaction declarations must be made in order to constitute port of the *res gestæ*, see note in 19 L.R.A. 733.

Same.

2. One who whips up his own horses to great speed and passes the team of another, driving near and yelling loudly, if such acts are done recklessly and in such manner as to be likely to produce injury, and so that they do cause injury, commits an assault.

Same — contributory negligence not a defense.

3. Contributory negligence of plaintiff is no defense to a civil suit for assault.

Res gestæ.

4. The testimony showed that defendant struck with a whip a horse plaintiff was driving, causing plaintiff's team to collide with a stump. Plaintiff, his wife, and three children were thrown or dragged from the vehicle. A daughter who was not hurt jumped out. As she did so, and while defendant was still shouting, gesticulating and flourishing his whip and looking toward them, and while she was frightened from the occurrence, she said to her mother: "Schreyer struck our horses." *Held* no error to receive this statement in evidence as a part of the *res gestæ*.

Evidence of threats.

5. In a civil action for assault, it is competent to prove threats of violence made by defendant against plaintiff two years and four months before the assault.

Action in the district court for Brown county to recover $3,380.30 for injuries received and expenses incurred by the wilful act of defendant. The case was tried before Olsen, J., and a jury which returned a verdict for $750. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Somsen, Dempsey & Mueller* and *H. L. Schmitt,* for appellant.
*Pfaender & Flor,* for respondent.

HALLAM, J.

Plaintiff and defendant are neighboring farmers. One day in December, 1914, plaintiff overtook defendant on a country road. Plaintiff, with several members of his family, was driving in a light two seated surrey. Defendant was driving in a loaded lumber wagon. The parties had not been on good terms for some time and it is claimed that, as plaintiff passed, something occurred to anger defendant, and that he followed, yelling and lashing his horses, and

himself passed plaintiff just as plaintiff had reached the driveway leading in to his house, that as defendant passed he drove very near plaintiff's team, and struck one of the horses with a whip causing the team to become unmanageable so that they ran into a stump, and plaintiff was injured. Plaintiff sued for damages for these injuries and recovered a verdict. Defendant appeals.

The action is for assault.

1. The court charged the jury that if defendant struck one of the horses plaintiff was driving, from malice, wantonness or recklessness, and that by reason thereof plaintiff was injured, this constitutes an assault upon plaintiff. This instruction was proper. Such acts do constitute an assault. Marentille v. Oliver, 2 N. J. Law, (358), *379; Clark v. Downing, 55 Vt. 259, 45 Am. Rep. 612.

2. The court further instructed the jury that if defendant whipped up his horses to great speed and yelled loudly and passed plaintiff and his team and vehicle, and if such acts were done "recklessly" and in such manner and so near to plaintiff as to be likely to produce injury, and such acts caused plaintiff's team to run away and caused injury to plaintiff, then, even though defendant did not in fact strike plaintiff's horse, his act would amount in law to an assault. We think this construction also correct and that such acts constitute in law an assault. State v. Sims, 3 Strob. (S. C.) 137; People v. Lee, 1 Wheel. Crim. Cas. (N. Y.) 364.

3. It is claimed that plaintiff was negligent in the management of his team, and that the court should have submitted the question of contributory negligence to the jury, and should have instructed them that contributory negligence on his part would bar a recovery. We do not agree with this contention. Contributory negligence is a defense only in cases where the action is founded on the negligence of the defendant. It is not a defense to an action for assault. Whitehead v. Mathaway, 85 Ind. 85; Ruter v. Foy, 46 Iowa, 132; Kain v. Larkin, 56 Hun, 79, 9 N. Y. Supp. 890. It is urged that the use of the word "recklessly" in the charge characterizes the act of defendant as negligent only. But the word "recklessly" must not be taken and construed alone. It must be taken in connection with other accompanying words. Taking the whole language together,

129 M.—18.

the act of which the court charged the jury was not in any sense a negligent act.

4. Two of plaintiff's daughters sat in the back seat of the surrey. Each of them testified that defendant struck one of plaintiff's horses with a whip. Each was permitted to testify further in substance as follows: That upon colliding with the stump, plaintiff, her father, was dragged over the dashboard; her mother, two brothers and another sister were thrown out; witness was not thrown out or hurt but jumped out; that the minute she struck the ground, and while defendant was still in sight, "hollering and throwing up his hands and laughing" and holding up his whip and looking toward them, and while she was frightened from the occurrence, she said to her mother, "Schreyer struck our horses." It is contended that the court erred in permitting her to testify that she made this statement. We are not impressed with the importance of this testimony. It could not have added much weight to the testimony which the witness had just given on the stand that Schreyer did hit the horse, but we are of the opinion that there was no error in receiving this evidence.

Of course it is not generally proper to bolster up the testimony of a witness by parol evidence given by himself or anyone else that he made similar statements on a previous occasion. But this rule has its exceptions. A statement or exclamation of a person who is the victim of a wreck or collision or other exciting occasion, made immediately after the occurrence, and declaring the circumstances of it as observed by him, may be used testimonially as an assertion to prove the fact asserted. This is an exception to the general hearsay rule. The exception is based on the common experience of men that, when a person is under circumstances of physical or mental shock, a stress of nervous excitement may be produced such that the mind is for the time being controlled by the event, and such that considerations of self-interest are eliminated, and words are forced out without will and without fair opportunity to mould or modify them. United States v. King, 34 Fed. 302, 314. Such statements when given in evidence derive their credit, not from the veracity of the speaker, but from the circumstances which prompted the

statement. Mitchum v. Georgia, 11 Ga. 615. To render the statement admissible, there must be a startling occasion, that is, some shock startling enough to produce nervous excitement and to render the utterance spontaneous and instinctive; the statement must be made before there is time or opportunity to design or contrive or devise anything to the speaker's own advantage and while the nervous excitement still dominates the reflective power, that is, the mental shock must extend without interruption from the moment of the event to the moment of the statement or exclamation; the language must relate to the circumstances which prompted it. 3 Wigmore, Ev. § 1745, et seq.; O'Connor v. Chicago, M. & St. P. Ry. Co. 27 Minn. 166, 6 N. W. 481, 38 Am. Rep. 288.

In determining whether the statement made is part of the *res gestæ,* within these rules, the trial court has a wide range of discretion. O'Connor v. Chicago, M. & St. P. Ry. Co. 27 Minn. 166, 6 N. W. 481, 38 Am. Rep. 288; Delaware, L. & W. R. Co. v. Ashley, 67 Fed. 209, 14 C. C. A. 368; Omaha & R. V. R. Co. v. Chollette, 41 Neb. 578, 586, 59 N. W. 921; Johnson v. State, 129 Wis. 146, 108 N. W. 55, 5 L.R.A.(N.S.) 809, 9 Ann. Cas. 923. If the statement is made under circumstances bringing it within the rule of *res gestæ,* it is competent whether favorable or unfavorable to the person making it, since it is received, not as an admission, but as testimonial evidence. Rogers v. Manhattan Life Ins. Co. 138 Cal. 285, 71 Pac. 348; Vicksburg & Meridan R. Co. v. O'Brien, 119 U. S. 99, 106, 7 Sup. Ct. 118, 30 L. ed. 299. It may describe the circumstances of the accident such as "I fell over these old planks" (Murray v. B. & M. Railroad, 72 N. H. 32, 54 Atl. 289, 61 L.R.A. 495, 101 Am. St. 660; Insurance Co. v. Mosley, 8 Wall. 397, 19 L. ed. 437), or it may describe or name the person responsible for it, as "Here is the man who did it" (State v. Duncan, 116 Mo. 288, 292, 310, 22 S. W. 699; Commonwealth v. Hackett, 2 Allen, 136; State v. Horan, 32 Minn. 394, 20 N. W. 905, 50 Am. Rep. 583). It may be made by one not injured, even by a bystander, for the nervous excitement which renders it admissible may exist in a mere bystander as well as in the person who is an actor in the affair (3 Wigmore, Ev. § 1755; State v. Duncan, 116 Mo. 288, 22

S. W. 699), and the testimony may be given by the person who made the statement (State v. Alton, 105 Minn. 410, 117 N. W. 617, 15 Ann. Cas. 806; Oliver v. Columbia, N. & L. R. R. Co. 65 S. C. 1, 43 S. E. 307). Applying these principles, it is quite clear that there was no error in holding, as the trial court did, that the statements made were part of the *res gestœ* and in receiving them in evidence.

5. The court received in evidence· threats of violence made by defendant toward plaintiff two years and four months before the occurrence out of which this cause of action arose. Such evidence was admissible. The lapse of time was such that the probative force of the testimony may have been little, but this goes to the weight of the testimony, not to its admissibility. State v. Hoyt, 46 Conn. 330; Keener v. State, 18 Ga. 194, 63 Am. Dec. 269; Commonwealth v. Quinn, 150 Mass. 401, 23 N. E. 54; Peterson v. Toner, 80 Mich. 350, 45 N. W. 346.

Order affirmed.