(96 Misc. Rep. 565)

### EASLING v. NAYLON.

(Supreme Court, Special Term, Monroe County.   September 14, 1916.)

PLEADING ☞367(4)—COMPLAINT—MOTION TO MAKE MORE DEFINITE.

Plaintiff will be required to make his complaint more definite and certain where, in an action based on negligence of defendant's servant, he alleges that he was "willfully" struck by the servant, thus stating a fact inconsistent with his theory of liability.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1184; Dec. Dig. ☞367(4).]

Action by Andrew W. Easling against Walter A. Naylon. On motion to make complaint more definite and certain and to compel an election. Granted.

Hubbell, Taylor, Goodwin & Moser, of Rochester, for the motion. James L. Brewer, of Rochester, opposed.

RODENBECK, J. Plaintiff's complaint is evidently framed upon the theory of negligence. Allegations of negligence occur throughout the complaint, and the allegation with reference to the service of the notice under the Workmen's Compensation Act (Laws 1910, c. 674) particularly emphasizes the nature of the action. The plaintiff, however, has inadvertently used the word "willfully" in characterizing the act of defendant's servant in striking him. Where a servant acts willfully under the circumstances of this case there can be no liability so far as the employer is concerned. The plaintiff might have brought this action upon the theory of assault and battery (Collins v. Butler,

179 N. Y. 156, 71 N. E..746), or upon the theory of negligence (Sharp v. Erie R. R. Co., 184 N. Y. 100, 76 N. E. 923, 6 Ann. Cas. 250); but to permit a complaint to stand which mingles a theory of assault and negligence would result in confusion (Magar v. Hammond, 183 N. Y. 387, 76 N. E. 474, 3 L. R. A. [N. S.] 1038). The facts set forth in the complaint arise out of one tortious act, and the plaintiff is therefore permitted to allege the facts constituting his cause of action, including the fact that he had been struck by defendant's servant. If the word "willfully" is stricken from the complaint, it will then present a cause of action based solely upon negligence. Rounds v. D., L. & W. R. R. Co., 64 N. Y. 129, 21 Am. Rep. 597.

The plaintiff may serve an amended complaint, eliminating the word "willfully," or elect between an action for negligence and an action for assault.