## STATE, Respondent, v. KORTH, Appellant.

### (162 N. W. 144.)

(File No. 3985.    Opinion filed April 2, 1917.    Rehearing granted
May 5, 1917.)

1.  **Criminal Law—Arson—Insured Barn—Information—Failure to Allege Owner, Immateriality—Following Statute; Sufficiency— Statute.**

    An information based upon Pen. Code, Sec. 657, providing, among other things, that every person who wilfully burns any property whatever, which is at the time insured against loss or damage by fire, with intent to defraud or prejudice the insurer, whether the same be the property of said person or of any other, is punishable by imprisonment, etc., which information is in the language of the statute, is good, on general demurrer for not stating a cause of action, against the objection that it does not state that the barn alleged to have been destroyed was defendant's property; since the language of the statute makes ownership of the property immaterial.

2.  **Arson—Burning Insured Barn—Information, Failure to State Insurer's Name.**

    An information, under Pen. Code, Sec. 657, making punishable by imprisonment any person who wilfully burns, etc., any property whatever, which is at the time insured against loss or damage by fire, with intent to defraud or prejudice the insurer, etc., demurred to generally for failure to state a cause of action, is sufficient against the objection that it fails to state name of insurer; the barn therein alleged to have been burned being definitely described.

    Whiting, J., dissenting

3. **Same—Burning Insured Barn—Information, Insurer Not Named—Sufficiency—Direct and Certain Information—Statute Construed.**

An information, based upon said Sec. 657, Pen. Code, for arson in the burning of an insured barn, but which failed to name the insurer, is not obnoxious to a general demurrer for failing to state a cause of action, in that it was not direct and certain within the meaning of Pen. Code, Sec. 222, as amended by Laws 1913, Chap. 242, requiring the information to be direct and certain as regards the name of the thing or person upon or against whom the offense was committed; the purpose of said enactment being to secure to a defendant definite information as to identity of the charge preferred against him.

· Smith, J., dissenting

4. **Indictment and Information—Statutory Requirements—Demurrer, Specification of Grounds, Necessity—Statutes.**

A demurrer to an information on the ground that it "does not describe a public offense under the laws of the State of South Dakota," which objection was evidently intended to set forth the second ground for demurrer in Code Crim. Proc., Sec. 272, making demurrible an information which "does not substantially conform to the requirements of this code," was properly overruled; since a demurrer of this character is specific in nature and must distinctly specify grounds of objection, or it will be disregarded under Sec. 273 containing a provision to that end.

5. **Criminal Law—Evidence—Arson of Barn—Defendant's Previous Declarations, to Show Intent, Remoteness of—Judicial Discretion.** ·

Evidence of defendant's statements, made about two years prior to commission of the offense charged, offered by state to show defendant's design of intent to burn the barn which was the subject of an information charging him with wilfully burning an insured barn with intent to defraud or prejudice the insurer, was admissible, and not too remote; the length of time elapsing between the making of a threat, etc., not rendering the evidence inadmissible, though impairing its probative force; and admission or rejection of such testimony is matter largely in trial court's sound discretion.

6. **Same—Evidence—Arson—Previous Threats, Presumption From, as Indicating Intention—Probability.**

When one threatens to do an injury to another, and that or a similar injury afterwards happens, the presumption arises that he who threatened the fact was the perpetrator; for the reason that the threats, etc., indicate an intention to do it, and the existence of this intention creates a probability that he has in fact committed it.

**7.  Criminal Law—New Trial—Taking Information to Jury Room— No Discussion in Brief—Point Abandoned—Rule.**

The objection, raised as a ground for new trial, that the information in a criminal prosecution was taken into the jury room by jury, but which point was not discussed in defendant-appellant's brief, was thereby abandoned, under the rule announced by Supreme Court.

**8.  Same—Appeals—Instructions Not Excepted to, Non-consideration of.**

Assignments of error based upon instructions of trial court, to which no exceptions were taken, will not be considered on appeal.

Appeal from Circuit Court, Codington County.  Hon. CARL G. SHERWOOD, Judge.

The defendant, Franz Korth, was convicted of the crime of willfully burning an insured barn with intent to defraud the insurer, and he appeals.  Affirmed.

*Wilbur S. Glass,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *T. F. Auldridge,* for the State.

(1) To point one of the opinion, Appellant cited:  State v. Whittemore, 147 Mo. 78, S. C. 47 S. W. 1068; Commonwealth v. Mahar, 33 Mass. (16 Pick) 20; Commonwealth v. Goldstein, 114 Mass 272; Lipschitz v. People, 25 Colo. 261, 53 Pac. 1111; State v. Barrett, 47 Atl. 381; Young v. Commonwealth, 75 Ky. 243; State v. Blakeley, 86 N. W. 420.

Respondent cited:  3 Cyc. 993; State v. Wilson, (S. D.) 155 N. W. 186; Code Civ. Proc., Sec. 229.

(2) To point two of the opinion, Appellant cited:  People v. Reilly, 257 Ill. 538, S. C. 101 N. E. 54.

Respondent cited:  Arnold v. State, (Tex.) 168 S. W. 123; Baker v. State, (Tex.) 8 S. W. 23; Parb v. State, 143 Wis. 561, 128 N. W. 65.

(3) To point three of the opinion, Appellant cited:  People v. Reilly, 257 Ill. 538, 101 N. E. 54.

(5) To point five of the opinion, Appellant cited:  Woodward v. State, 42 Texas Cr. 188, 58 S. W. 135; French v. State, 47 Texas, C. R. 571, 85 S. W. 4; People v. Niles, 44 Mich 606, 7 N. W. 192.

Respondent cited:  Com. v. Ouinn, (Mass.) 23 N. E. 54; Com. v. Goodwin, 14 Gray 55; Martin v. State, 28 Ala. 71; Hudson v. State, 61 Ala. 333.

(6) To point six of the opinion, Appellant cited: Kichien v. State, 50 Fla. 102, 39 So. 467; State v. Millmeier, 102 Iowa, 692, 72 N. W. 275.

McCOY, J.   The appellant was informed against and convicted of the crime of willfully burning property, insured against loss or damage by fire, with intent to defraud or prejudice the insured.   The crime was alleged to have been committed as follows:   That on the 19th day of February, 1915, in the county of Codington, state of South Dakota, the accused did willfully burn a barn situated on the N. W. ¼ of section 14, township 118, range 52 W., which was at the time insured against loss or damage by fire, with intent to defraud or prejudice the insurer. To which information the defendant demurred on the grounds: (1) That it did not state facts sufficient to constitute a cause of action; (2) that it does not describe a public offense under the laws of the state of South Dakota.   The overruling of the demurrer is now assigned as error.

[1] The information was based upon section 657, Penal Code, which provides that every person who willfully burns, or in any other manner injures or destroys, any property whatever, which is at the time insured against loss or damage by fire, with intent to defraud or prejudice the insurer, whether the same be the property of said person or any other, is punishable by imprisonment in the penitentiary.   It will be observed that this information is in the language of the statute, and we are therefore of the view that the same is sufficient as against a general demurrer.   The specific contention of appellant is that the information does not state that the barn alleged to have been destroyed was the property of defendant.   We are of the view that the language of this statute clearly makes the ownership of the property an immaterial question.   Com. v. Goldstein, 114 Mass. 272; Arnold v. State (Tex. Cr.) 168 S. W. 123; Parb v. State, 143 Wis. 561, 128 N. W. 65.

[2] Appellant also contends that the information is insufficient in not stating the name of the insurer.   In this class of cases, the gist of the offense is the burning of property with intent to defraud the insurer, and, although different insurers may have issued policies upon the same property, the burning of the property is but a single act, constituting but a single crime, how-

ever many insurers there might happen to be, and it is therefore not material, as a matter of substance, who issued the policy or policies of insurance.   Com. v. Goldstein, supra.

[3] But it is urged that under section 222, Penal Code, as amended by chapter 242, Laws of 1913, which provides that the information must be direct and certain as regards the name of the thing or person upon or against whom the offense was committed, the information in question is not sufficient. It is apparent that said section 222, as amended, was enacted for the purpose of securing to a defendant definite information as to the identity of the charge preferred against him.   In this particular class of cases, the rule of certainty is as fully satisfied by definitely naming the thing burned as possibly could be attained by also naming the person who issued the policy.   Hence we are of the opinion that the information was sufficient as against the general demurrer based on the first stated ground.

[4] Under the second ground for demurrer, that the information "does not describe a public offense under the laws of the state of South Dakota," it is evident this allegation was intended to set forth the second ground for demurrer found in section 272, Code Crim. Pr.   If it was not so intended, it adds nothing to the first ground.   A demurrer of this character is specific in its nature and must distinctly specify the grounds of objection, or it will be disregarded.   Section 273, Code Crim. Pr.   There is a wide distinction between the two different grounds for demurrer interposed in this case, as was pointed out in State v. Julius, 29 S. D. 638, 137 N. W. 590.   The demurrer was properly overruled as to the second ground thereof for the reason that the specific grounds of objection were not stated therein.

[5, 6] Certain testimony was offered by the state as to certain conversations had with defendant in the year 1913, about two years prior to the commission of the offense charged.   Witnesses testified that during these conversations defendant stated to them that he would not build a new barn before the old barn was burned; that he must get the old barn burned before he would build a new one; that it would not pay to repair the old barn. There was other testimony showing that the barn was old and dilapidated and covered by insurance at the date of the conversations.   This testimony was offered on the part of the state for

the purpose of showing a design or intent on the part of defendant to burn said barn. The defendant interposed the objection that the same was incompetent and immaterial and too remote, nearly two years having elapsed between the conversations and the date of the fire. We are of the view that the court committed no error in admitting in evidence the said conversations. Wigmore on Evidence, §§ 108, 109, and notes. The length of time elapsing between the making of a threat or other statement indicating a criminal design, and the criminal act, when the crime is to be proved only by circumstantial evidence, is of importance in determining the weight to be accorded to the statement. The length of time would impair the probative force of the statement, but would not render it inadmissible. The admission or rejection of such testimony is a matter largely in the sound discretion of the trial court in each particular case. Redd v. State, 68 Ala. 492, being a case where evidence of threats showing design to commit murder, made two years before the commission of the crime, was admitted. In Com. v. Holmes, 157 Mass. 233, 32 N. E. 6, 34 Am. St. Rep. 270, evidence of threats, tending to show design at various times during nine years previous to the commission of the offense charged, was admitted; the court saying that the remoteness was a question for the court in the exercise of its sound discretion. Also, see Shaw v. State, 60 Ga. 246; Weed v. People, 56 N. Y. 628; Com. v. Quinn, 150 Mass. 401, 23 N. E. 54; State v. Isaacson, 8 S. D. 69, 65 N. W. 430. The probative force of evidence tending to show design or intention to do an act constitutes a circumstance which tends to connect the person having such design or intention with having committed the act when it subsequently occurs. When one threatens to do an injury to another, and that or a similar injury afterwards happens; this furnishes ground to presume that he who threatened the fact was the perpetrator. Threats or statements tending to show an intent or design to commit the crime for which a person is upon trial are constantly received in evidence against him, as circumstances proper to be considered in determining the question whether he has in fact committed the crime; for the reason that the threats or other statements indicate an intention to do it, and the existence of this intention creates a probability that he has in fact committed it. Wigmore,

Evidence, §§ 102-105; Stokes v. People, 53 N. Y. 175, 13 Am. Rep. 492.

[7] It appears from the affidavit of appellant's counsel that the information was taken into the jury room by the jury at the time they were deliberating upon their verdict. It is assigned that this constituted error. This question was raised as one of the grounds for new trial, but is not mentioned or discussed in appellant's brief, and is therefore deemed abandoned under the rule announced in prior decision of this court. Edgemont Co. v. Tubbs, 22 S. D. 142, 115 N. W. 1130; Durand v. Preston, 26 S. D. 222, 128 N. W. 129; Lawver v. Insurance Co., 25 S. D. 549, 127 N. W. 615.

It is also urged by appellant that the evidence is insufficient to show that a crime has been perpetrated in connection with the burning of said barn because it does not show that defendant set said fire. While there is no direct evience in this case tending to show that the appellant did set fire to said barn, still we are of the view that the surrounding circumstances, as shown by the evidence, were sufficient to sustain the verdict. It will serve no useful purpose to set out the evidence in full in this opinion.

[8] Other assignments of error are urged based upon the instructions of the court to the jury; but as no exceptions were taken to the instructions given, the errors assigned cannot be considered. All other assignments of error have been carefully considered, and we are of the view that no prejudicial error is shown to exist.

Finding no error in the record, the judgment and order appealed from are affirmed.

SMITH, J. (dissenting). Under the rule laid down in the majority opinion, the accused is required to go to trial without any information at all as to the identity of the insurer, and must be prepared to meet evidence of the state that the property was insured, without any information whatever as to the identity of the insurer, and without any opportunity of procuring evidence to rebut or meet the allegation that the property was insured. Such an information, in my judgment, is insufficient under the constitutional provision which requires that the accused be informed as to the cause and nature of the accusation against him,

and which this court has held to mean that the accused is entitled to be advised by the information or pleading of such facts as are necessary to enable him to prepare his defense. Under this information, the accused was not advised of any fact which would have enabled him to identify the insurer or disprove the allegation that the property was insured, which is an essential element of the crime charged. The demurer should have been sustained.