STATE, Respondent, v. KORTH, Appellant.

(164 N. W. 93.)

(File No. 3985.   Opinion filed August 30, 1917.)

**Arson—Circumstantial Evidence Connecting Appellant, Sufficiency.**

> In a prosecution for wilfully burning a barn with intent to defraud the insurer, held, that the evidence, which was mostly circumstantial, and such in nature that conclusion of guilt does not logically or naturally follow therefrom, and was uncertain upon vital issue of connecting defendant with commission of the offense charged, is insufficient to produce abiding conviction of guilt.

> Smith, J., concurring specially.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD Judge.

On rehearing. Judgment reversed, and causes remanded for new trial.

For former opinion, see, 38 S. D. 539, 162 N. W. 144.

*Wilbur S. Glass,* and *Sherin & Sherin,* for Appellant.

*Clarence C. Caldwell,* Attorney General, for the State.

McCOY, J. Decision affirming the judgment of the lower court appears in 162 N. W. 144. Upon rehearing we are of the opinion that a new trial should be granted. One of the questions raised by the assignments of error was that the evidence was insufficient to connect the appellant with the commission of the offense charged. The evidence was mostly circumstantial, and was of such a nature that the conclusion of guilt does not logically or naturally follow therefrom. While we are of the view that there was no positive or clear error shown to have been committed on the trial, still we are of the opinion that the circumstantial evidence adduced on the trial upon the vital issue of connecting the defendant with the commission of the offense charged was uncertain, weak, and unsatisfactory to such an extent that it should not be held sufficient to produce an abiding conviction of guilt, beyond all reasonable doubt, of such a serious offense.

The judgment appealed from is reversed, and the cause remanded for new trial.

SMITH, J. I adhere to my dissent in the former decision in this case, but concur in the view that a new trial should be granted.