## STATE, Respondent, v. BONINE, Appellant.

### (170 N. W. 138).

(File No. 4422. Opinion filed Dec. 31, 1918).

**(1).   Trespass—Clearing Timber for Telephone Line—Whether on or Off Section Line—Trespass, Whether Willful—Evidence—Insufficiency.**

It being conceded that some timber was cut and a telephone line constructed across complaining witness's premises, and that at one place the telephone line departed from section line as much as 100 feet, it being uncertain whether such timber was cut before or after a certain telephone conversation, but evidence strongly indicating it preceded the conversation, and there being no direct evidence that defendant, charged with willfully and maliciously committing trespass by cutting down and destroying standing timber, cutting or directed the cutting thereof, or that he was present when it was cut, or in any wise connected therewith, and the only indirect evidence being that of a conversation with defendant, superintendent of a telephone company, with complaining witness over the phone, in which defendant said: "we want to go through on the section line, through your premises, through your grove down there to straighten out the line. We have had some trouble with the line and we want to go through on a straight line," complaining witness having refused such permission, whereupon defendant replied: "Oh yes, for the accomodation of the public, let us go through"; permission being again refused, when defendant said: "If that is the way you think about it, we will go down and slash down your big trees"; and there being no direct evidence that there was a traveled road along said line, it hav-

ing been assumed on trial that the section line was a highway, trial court having properly charged as to width of section line highway, and that if the cutting, if any, was not without the 33 feet from center line, then they should acquit; held, the evidence as a whole was insufficient to sustain a verdict of conviction.

(2). Trespass-Criminal Responsibility—Cutting Timber—Clearing for Telephone Line, Departure from Highway by Mistake, Whether "Willful" Trespass.

Departing from section line by telephone employees in clearing way for telephone line along highway, does not constitute "willful" trespass, where such departure was by mistake.

Smith, J., and McCoy, J., dissenting.

Appeal from Circuit Court, Clay County. Hon. Robert B. Tripp, Judge.

The defendant, F. W. Bonine, was convicted of wilfully and maliciously committing trespass by cutting down and destroying timber and he appeals. Reversed.

*Bogue & Bogue,* for Appellant.

*C. C. Caldwell,* Attorney General, and *W. A. Bauman,* State's Attorney, for Respondent.

POLLEY, J. Appellant was convicted upon an information charging that, upon a given date, he willfully and maliciously committed trespass by cutting down and destroying timber standing upon a certain described quarter section of land belonging to the complaining witness.

The appellant is the superintendent of a telephone company. The timber that is alleged to have been cut was growing along a certain highway that ran across and along the land described in the information and was cut for the purpose of clearing a way for a telephone line. There is no direct evidence that appellant cut the timber in question, or that he directed the cutting thereof, or that he was present when it was cut, or that he was in any wise connected with the cutting thereof; and the only indirect evidence of such cutting by appellant is a conversation alleged to have taken place between appellant and the complaining witness over the telephone, some time just before or just after the alleged trespass was committed. The complaining witness testified that, about the time of the alleged trespass, he was called to the telephone by some person who said:

"This is Mr. Bonine, the superintendent of the Centerville

Telephone Company. 'We want to go through on the section line, through your premises, through your grove down there to straighten out the line. We have had some trouble with the line, and we want to go through on a straight line."

The witness refused such permission, and the party at the other end of the line replied:

"Oh, yes; for the accommodation of the public, let us go through."

The witness again refused permission, and the other party said:

"If that is the way that you think about it, we will go down and slash down your big trees."

It is contended by appellant that there is no competent evidence proving, or tending to prove, that he was ever upon the land of the complaining witness, or that he ordered or directed any other person to do any of the acts complained of. It will be noted that the alleged request made by appellant was for permission to go through the witness' premises along a certain section line. While there is no direct evidence that there is a traveled road along said section line, it is assumed that the section line in question was a highway, and upon this question the trial court charged the jury that—

"The section line highways in this state are, by law, 66 feet wide, that is, 33 feet on each side of the center line, so was the cutting, if any on Mr. Lee's land, without the 33 feet from the center line? If it was not, then you should acquit."

[1, 2] That some timber was cut and a telephone line constructed across the premises of the complaining witness is conceded, and that at one place such telephone line departed from the section line as much as 100 feet, is not disputed. Whether such timber was cut before or after the said telephone conversation is not at all clear, but the evidence very strongly indicates that it was cut before the conservation was had. Are these facts alone sufficient to sustain a conviction of willful trespass? In our opinion, they are not. In the first place, there is no evidence at all that the defendant in person was present when the trees were cut. Assuming that he directed employes of the telephone company to clear out a telephone line, there is nothing to suggest that he directed them to vary such line from the section line. In the second

place, if such employes, in performing such labor, departed from the section line by mistake, such act would not constitute "willful" trespass. If they departed from the section line knowingly and intentionally and under such circumstances as to constitute willful trespass, it would not make appellant guilty unless he in some way directed or connived at such guilty act.

There being a total absence of any showing that appellant gave any such directions or that he in any wise connived at such act, he was not guilty, and the verdict should have been set aside.

The judgment and order appealed from are reversed.

SMITH, J. (dissenting). The ground of reversal, as stated in the majority opinion, is "a total absence of any showing that appellant gave any such directions or that he in any wise connived at such act." I am of the view that the evidence was sufficient to sustain the conviction. In State v. Korth, 38 S. D. 539, 162 N. W. 144, this court held that—

"The probative force of evidence tending to show design or intention to do an act constitutes a circumstance which tends to connect the person having such design, or intention with having committed the act when it subsequently occurs. When one threatens to do an injury to another, and that or a similar injury afterwards happens, this furnishes ground to presume that he who threatened the act was the perpetrator." etc.

The majority opinion seems to overlook the fact that the complaining witness testified at the trial that, at the time of the conversation with Mr. Bonine quoted in the majority opinion, he was acquainted with and recognized Mr. Bonine's voice. In that conversation, Mr. Bonine stated:

"We want to go through on the section line, through your premises, through your grove down there to straighten out the line."

The majority opinion seems to assume that this section line was a highway, and inferentially draws the conclusion that under the statute the telephone company had the right to extend its lines along such highways. It requires no argument to demonstrate that all section lines are not highways, but only such as are practicable. Construing the act of Congress and the act of the territorial Legislature relating to public highways on section lines, in

the case of Wells v. Pennington County, 2 S. D. 1, 48 N. W. 305, 39 Am. St. Rep. 758, this court held:

"The title to the land is not taken away. It is merely the right to pass over it and use it for roads and highways when found practicable. If not so found by competent authority, the grantee of the government holds the lands divested of this right."

Any such assumption in this case is also clearly rebutted by the fact that Mr. Bonine found it necessary to ask permission of the complaining witness to go through his premises and through his grove for the purpose of straightening out the telephone line, and the witness refused to give such permission. This refusal was immediately followed by the threat of Mr. Bonine that, "We will go down and slash down your big trees." Certainly the complaining witness had no interest in any trees growing on a public highway, and it seems clear that the threat did not refer to trees upon any public highway, but upon premises belonging to the complaining witness. In addition to this, there is not the slightest ground in the evidence or the record for assuming that the defendant directed its employes to cut trees only along the section line, or that in following instructions they departed from the section line by mistake. On the contrary, if we are to indulge in any assumption whatever, it would be that the employes of the telephone company followed the instruction given them, and that they cut trees according to such directions. It is also suggested in the majority opinion that Bonine's conversation with the prosecuting witness occurred after the trees had been cut. The prosecuting witness testified that the conversation occurred about 3 o'clock in the afternoon, and that the foreman on his farm called him up about 9 o'clock in the morning and told him the trees had been cut. The question as to when this conversation occurred was properly a matter for consideration of the jury under instructions not complained of here, and we cannot assume that they were in error as to the proper inference of fact to be drawn from the whole evidence. The jury would be justified in assuming that Bonine knew what was being done in connection with the desired change in the telephone line under his charge, and that he would not ask permission to cut trees along such line after the trees had been cut.

I think the evidence is sufficient to sustain a conviction, and that the judgment of the trial court should be affirmed.

McCOY, J., concurs in the dissenting views of SMITH, J.