RUTH J. CURRAN and Another, Appellants, *v.* CLAUDE BUCKPITT, Respondent.

Third Department, March 7, 1929.

*Arthur R. Ellison,* for the appellants.

*Frank C. Ogden,* for the respondent.

DAVIS, J. The action is for assault. On the trial a verdict was directed for defendant. Therefore, we may state the facts in a light most favorable to plaintiffs.

In 1921 the plaintiff Claude Curran purchased a phonograph of the defendant for $250, payable partly in cash at the time the contract was made, and thereafter payments were to be made in monthly installments. Prior to May 25, 1925, the purchaser was in default in his payments, but there was a dispute between the parties as to the total amount paid. Defendant had employed one Burnbaum to make collections for him on a commission basis. With Burnbaum he went to the office of his regular attorney where the necessary papers were prepared in replevin in Justice Court for the recovery of the phonograph. The affidavit was verified by defendant, an undertaking was procured by him, and all of the papers were then delivered to Burnbaum. Joseph Momo, an

employee of defendant, was sent with Burnbaum to procure a summons and requisition from a justice of the peace. Burnbaum found a constable, and the three went to see a justice, and obtained his signature to at least some of the papers. Burnbaum took these papers and went with his two companions to the residence of plaintiffs. Claude Curran was not at home, so Burnbaum proceeded to take the phonograph. He handed the papers to the constable, and, so far as it appears, the latter made no demand and took no part in the recovery of the property. Ruth Curran, the wife, ordered Burnbaum to desist, and attempted to prevent the removal of the phonograph. It was during the struggle for its possession between herself and Burnbaum that Mrs. Curran received the injuries which furnish the basis of the cause of action. The constable and Momo took no part in the altercation, and, so far as it appears, the constable made no attempt to execute the mandate himself. (See Justice Court Act, §§ 100, 101.) It was not until after the phonograph was removed from the house that the constable informed Mrs. Curran of his official position, the nature of the process, and made service of the papers upon her. She was not a party to the action. The phonograph was taken away in the car of Burnbaum and delivered to the defendant, who has since retained it in his possession.

The copies of the papers delivered to Mrs. Curran did not contain a signed requisition. The justice testified that the originals were never returned to him, and that he does not know whether the original requisition was signed by him or not. It is a fair inference from the evidence that the taking was illegal, and that the proceedings were irregular or invalid, because of the failure of the justice to sign the requisition, or by lack of proper demand and service, or both. The replevin action was subsequently withdrawn by defendant for irregularities.

The principal or master is not liable for the unlawful act of his agent or servant if he has not expressly authorized it, or if it does not come within the natural scope of his employment and of the authority implied from performance of the duties delegated, where the master himself would be authorized to do the act about which complaint is made. (*Muller* v. *Hillenbrand*, 227 N. Y. 448; *Zucker* v. *Lannin Realty Co., Inc.*, 217 App. Div. 487; *Weinstein* v. *Singer Manufacturing Co.*, 121 id. 708; *Guzzo* v. *Kosches*, 224 id. 741.) The existence of such direction or authority is a matter of proof, either direct or of circumstances from which it may fairly be inferred as a question of fact. (*Collins* v. *Butler*, 179 N. Y. 156, 161.)

We will assume that the general employment of Burnbaum was

in the capacity of collector, who acted on his own initiative and was paid a fixed commission, and that such employment did not make him an agent or servant of the defendant in the performance of his usual duties. However, as to this transaction, the delegation of the particular duties to him, as above detailed, may, as a question of fact, make him the representative of the defendant in the recovery of the phonograph. It would then be a question for the jury to determine whether the assault occurred while Burnbaum was carrying out the orders of the defendant, or in the prosecution of the business he was employed to do. In the leading case on this subject (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543) the rule of liability is thus stated: " For the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully. In general terms, if the servant misconducts himself in the course of his employment, his acts are the acts of the master, who must answer for them." (See, also, *Magar* v. *Hammond*, 183 N. Y. 387; *Craven* v. *Bloomingdale*, 171 id. 439; *Levy* v. *Ely*, 48 App. Div. 554; *Reed* v. *New York & Richmond Gas Co.*, 93 id. 453; *Reardon* v. *Erie Railroad Co.*, 179 id. 374; *Buck* v. *Standard Oil Co. of New York*, 224 id. 299; affd., 249 N. Y. 595.)

The liability of the defendant depended upon the authority conferred upon Burnbaum in his recovery of the property. The nature and extent of such authority, under the doctrine above stated, constituted questions of fact. It was error to direct a verdict.

The judgment should be reversed on the law and a new trial granted, with costs to the appellants to abide the event.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellants to abide the event.