This action was brought to recover damages for a personal injury alleged to have been caused by the negligence of the defendant.
The plaintiff was a boy fourteen years of age and, with other boys, was engaged in stealing a ride upon one of the defendant's freight trains. The evidence tends to show that he, with other boys, boarded the train while it was standing at the station in Solvay, and just as the train was starting he discovered a brakeman coming over a box car onto the flat car occupied by him. The brakeman holloaed at him and ran after him. The plaintiff tells us that he ran to the end of the car, jumped onto another flat car, ran across that and was going to jump onto a box car ahead, but, finding the brakeman had overtaken him and was about to grab him, he jumped from the train, and that as he jumped the brakeman also jumped from the car on top of him, striking him before he reached the ground, and broke his leg. He then tells us that the brakeman kicked him and raised him up and struck him in the face five or six times, and then left him and jumped back onto the train.
The rule of liability governing cases of this character is well stated in the case of Mott v. Consumers' Ice Co. (73 N.Y. 543). It is that "For the acts of a servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully. * * * But if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible."
The instant that the train started, the duty of the brakeman *Page 292 
was upon the train. He, undoubtedly, acted within the scope of his employment in driving the plaintiff and other boys from the train. If he left the train and committed an assault upon the plaintiff thereafter he went outside of his employment, and he alone became liable for his malicious acts and wanton trespass. But in this case we are inclined to the view that the jury might have found that the assault upon the plaintiff commenced on the car before they had left the train. It may be that the brakeman had not, at the time the boy sprang from the car, actually seized hold of him, but the brakeman was pursuing him as fast as he could run, in a threatening manner, with his hands nearly upon him, so that he came in physical contract with him before striking the ground. If the assault was commenced before leaving the car, the brakeman was acting within the scope of his employment, and the defendant became liable for his acts. We think, therefore, that the question was for the jury and that the nonsuit was properly reversed by the Appellate Division.
The order appealed from should be affirmed and judgment absolute ordered for the plaintiff on the stipulation, with costs.
PARKER, Ch. J., O'BRIEN, CULLEN and WERNER, JJ., concur; LANDON, J., dissents; GRAY, J., not sitting.
Ordered accordingly.