was executory; the undertaking or warranty of quality, that the sausages should be "dry enough for export," was one of the terms of the contract itself; the defect, if any existed, was patent and discoverable upon inspection; Willard, plaintiff's assignor, had full opportunity to examine them, and after such examination accepted them. It is clear that he did not rely upon the warranty in accepting. He may have relied upon his own judgment. He certainly relied upon the new agreement made by Davenport on behalf of defendants, but he did not rely upon the original warranty. His acceptance of and payment for the goods after examination, under the authorities above cited, estopped him from afterwards suing upon the warranty.

The second paper upon which plaintiff bases his right to a recovery is not, properly speaking, a warranty at all, but a contract of indemnity, which rests upon sufficient consideration. The plaintiff's assignor and defendants' agent differed as to the quality of the sausages, and especially as to whether the customer in France would accept them. Willard's waiver of his objection and acceptance of the goods furnished a sufficient consideration for the contract. Whether the agreement made by Davenport to induce plaintiff to accept the sausages be regarded as a contract of indemnity, or as an extension, to the extent indicated by it, of the original warranty, is not material, because the event against which defendants undertook to indemnify Willard never happened. That event was, "if claim is made for too much fat," defendants would make good—meaning, evidently, if a claim was made by Willard's customer in France. No such claim was ever made, because the goods never reached the customer. Why their entry into France was forbidden does not appear. It may have been for excessive fat, or for some other defect not covered by the warranty. At all events, the contingency against which defendants undertook to indemnify Willard did not arise. The plaintiff, therefore, showed no right under the agreement of April 22, 1899.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.

---

HEWSON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. STREET RAILWAYS—PERSONAL INJURIES—ASSAULT BY CONDUCTOR.

In an action against a street railway company for assault by a conductor on a boy trespassing on the cars, no request being made that the court should submit the question as to whether the conductor was acting within the scope of his employment, the question was not raised by defendant's motion for dismissal after the close of all evidence on the ground that, if plaintiff's claim was true, the conductor's act was willful and without the scope of his employment.

2. SAME—SCOPE OF EMPLOYMENT—EVIDENCE—SUFFICIENCY.

Testimony of a street car conductor that there was a rule making it his duty to prevent boys from catching on cars, and that his purpose in what he did was to remove the plaintiff from the car, was sufficient to justify a finding that his act in assaulting a boy who was on, or attempting to get on, defendant's car, was within the scope of his employment.

Appeal from Trial Term, Westchester County.

Action by Patrick Hewson against the Interurban Street Railway Company for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Bayard H. Ames, for appellant.

P. J. Rooney, for respondent.

HIRSCHBERG, P. J. The plaintiff, a child of 13 at the time of the occurrence, was playing with other lads upon West street in the borough of Manhattan, on the afternoon of January 18, 1903. As he was running by the side of one of the defendant's cars, with his hand upon it, he claims that the conductor jumped off the car, and, without warning of any kind, struck him a violent blow upon the head, knocking him under the car, so that the wheels went over him and inflicted serious, permanent injuries. The conductor claimed that the boy was actually on the car, in a dangerous position, and that he went out and called upon him to get away; that the boy, seeing him coming, jumped off, and, in so doing, slipped upon the snow and slid underneath the car; and that he did not strike him. Each version of the occurrence was corroborated by other witnesses, and the verdict establishes the fact of the assault.

The only exception taken to the charge of the learned trial justice was addressed to the proposition that the case presented, "not the ordinary question of negligence, * * * but a question of assault and battery—whether the conductor committed a battery upon the boy." No request was made that the court should submit to the jury the question whether or not the conductor was acting at the time within the scope of his employment. The defendant did move at the close of the plaintiff's case and at the close of all the evidence for a dismissal of the complaint upon the ground, among others, "that, if the plaintiff's claim is true, the act of the conductor was a willful act, and entirely without the scope of his employment, and that on that ground the defendant is not liable," but the denial of these motions does not raise the question suggested.

There seems to be no error in the statement that the action, upon the plaintiff's version of the occurrence, is for the assault. In Sanford v. Eighth Avenue Railroad Company, 23 N. Y. 343, 80 Am. Dec. 286, in reversing an order setting aside a judgment obtained for damages occasioned by the death of the plaintiff's intestate, who was unlawfully upon a car, and was thrown from it by the conductor while it was in motion, the Court of Appeals said (page 346, 23 N. Y.):

"The decision of the court below appears to have proceeded upon a rule of law which we think is inapplicable to the case. In the opinion of that court, it is conceded that the conductor was guilty of negligence and improper conduct in expelling the passenger without stopping the car. But the latter was also in the wrong in occupying a seat without paying the fare, and the case was put as one of concurring negligence, where the injured party is without redress because he is himself in fault. We fail to see how this principle can be invoked. It cannot be applied to an intentional trespass—certainly not to

a case like the present. If the plaintiff's intestate had not died of his injuries, his action for the wrong would have been strictly and technically assault and battery. In such an action a plea that the plaintiff was guilty of concurring negligence or fault would have been without precedent, as well as illogical and absurd. To such a cause of suit the defendant must find and plead a complete justification of his conduct, or he must fail and pay the damages."

There was sufficient evidence to justify a finding that the act of the conductor was within the scope of his employment. He admitted that there was a rule making it his duty to prevent boys from catching on the cars, and that his purpose in what he did was to remove the plaintiff from the car. It is now well settled that the master is responsible for the act of his servant committed in the scope of the employment, even where he departs from his instructions, acts wrongfully, willfully, or illegally, and even where the act is committed upon a trespasser. Higgins v. Watervliet Turnpike Co., 46 N. Y. 23, 7 Am. Rep. 293; Rounds v. Del., Lack. & West. R. R. Co., 64 N. Y. 129, 21 Am. Rep. 597; Mott v. Consumers' Ice Co., 73 N. Y. 543; Hoffman v. N. Y. C. & H. R. R. R. Co., 87 N. Y. 25, 41 Am. Rep. 337; Lynch v. M. E. R. Co., 90 N. Y. 77, 43 Am. Rep. 141; Distler v. Long Island R. R. Co., 15 N. Y. 424, 45 N. E. 937, 35 L. R. A. 762; Girvin v. N. Y. C. & H. R. R. R. Co., 166 N. Y. 289, 59 N. E. 921; Kenyon v. N. Y. Cen. & H. R. R. Co., 5 Hun, 479; Clark v. N. Y., L. E. & W. R. R. Co., 40 Hun, 605, affirmed in 113 N. Y. 670, 21 N. E. 1116; Lang v. N. Y., L. E. & W. R. R. Co., 51 Hun, 603, 4 N. Y. Supp. 565, affirmed in 123 N. Y. 656, 25 N. E. 955; Meisch v. Rochester Electric R. Co., 72 Hun, 604, 25 N. Y. Supp. 244; Lang v. N. Y., L. E. & W. R. R. Co., 80 Hun, 275, 30 N. Y. Supp. 137; McKeon v. Steinway Ry. Co., 20 App. Div. 601, 47 N. Y. Supp. 374; Weitzman v. Nassau Electric R. R. Co., 33 App. Div. 585, 53 N. Y. Supp. 905; Hill v. Baltimore & New York R. Co., 75 App. Div. 325, 78 N. Y. Supp. 134.

No error is found in the other rulings made upon the trial to which exception was taken, and the verdict, although large, does not seem excessive. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.