(110 App. Div. 758.)

SCHMIDT v. VANDERVEER et al.

(Supreme Court, Appellate Division, Second Department.   January 26, 1906.)

MASTER AND SERVANT—TORTS OF SERVANT—LIABILITY OF MASTER.

> Where a servant employed to keep trespassers off his master's land commits a battery in the course of his duty, the master is liable, even though the battery was wanton or vindictive, though he would not have been liable if it was committed merely for revenge, and not in putting the trespasser off the land.
>
> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1221, 1231.]

Appeal from Trial Term, Kings County.

Action by John Schmidt against John Vanderveer and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal.   Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederic E. Mygatt, for appellants.

I. R. Oeland (Alex. S. Lyman, on the brief), for respondent.

GAYNOR, J.   The defendant Brown was employed by the defendant Vanderveer to keep trespassers off his land, and finding the plaintiff there crabbing committed a severe battery on him with a club.   The court correctly charged in substance that if the servant committed the battery in the course of his duty to put trespassers off, the master was liable, even though the battery was wanton or vindictive.   The plaintiff's counsel had claimed in summing up that the motive for the battery was that a week previously a trespasser who had been put off by the servant had enraged him by calling him names (and this appeared from the servant's testimony), and that when he saw the plaintiff he mistook him for the previous trespasser, and committed the battery on him out of revenge.   This caused defendants' counsel to make the following request to charge, viz.:

"If the jury believe, as the counsel for plaintiff has said, that the reason why the assault was committed by Brown was that Brown was then revenging himself for the calling him of opprobrious names by plaintiff or by a person supposed by Brown to be the plaintiff, the jury cannot find a verdict against the defendant Vanderveer."

Now, as the learned trial judge perceived, if the battery were committed in putting the plaintiff off, that the "reason" for it was revenge would not exonerate the master.   It would still have been done in his service.   If the defendant was in fact putting the plaintiff off by the battery, that he adopted that way out of private revenge did not exonerate the master.   The request therefore lacked an essential, and the refusal of it was not error.   But if the battery was not committed in putting or to put the plaintiff off, or, if you will, to give him at the same time a good drubbing for coming on and teach him not to come again (for all of which the master would be liable), but on the contrary was done solely as an independent and disconnected act of revenge of the servant, the master would not be liable for it.   Girvin v. N. Y. C. & H.

R. R. R. Co., 166 N. Y. 289, 59 N. E. 921; Cohen v. Dry Dock, E. B. & B. R. R. Co., 69 N. Y. 170..

If, therefore, the request had been that if the battery was not committed in putting or to put the plaintiff off, or because he came on, or to teach him to stay off, and the "reason" of it was revenge for the opprobrious names, the refusal would have been a different matter. The learned trial judge's response to the request was that he could not charge it "in that form," which warned counsel that it lacked something, or else contained too much; and when counsel, not content with a fair charge, resort to requests of exact nicety, they must abide to be judged by that standard.

The learned trial judge did not charge that the jury could not find against the servant only, but must render a joint verdict, as is claimed, but the contrary. Mere flaws should not be picked in a judge's charge. If he had ruled that to be the law of the case, the question whether the acts were done in the master's service would not have been submitted to the jury at all.

The judgment and order are affirmed.

Judgment and order affirmed, with costs. All concur.