(112 App. Div. 296)

## DEALY v. COBLE.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. MASTER AND SERVANT—LIABILITY FOR INJURY TO THIRD PERSON.

A master whose servant, driving his sleigh, struck and injured a young boy, who had jumped on the runner, is liable therefor, if the act was committed in the scope of his employment, which was the case if, as there was evidence tending to show, it was done in the act of putting the boy off the sleigh, more than necessary force being used; and this though to avoid the first blow the boy had jumped off the runner, he having continued to run along with his hands on the back of the sleigh, with the evident purpose to get on the runner again.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1217.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is no defense to an action against a master for injury to a third person by his servant, acting in the scope of his employment, and using greater force than necessary in putting such person, a trespasser, off his sleigh.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1266.]

3. APPEAL—HARMLESS ERROR—ERRONEOUS THEORY.

Though the view of the trial court, concurred in by defendant's counsel, but not by plaintiff's counsel, in an action against a master for injury to a trespasser by the servant of the master using greater force than necessary to put him off the master's sleigh, that the action was one for negligence, was erroneous, the judgment for plaintiff will not be disturbed; the facts warranting the finding by the jury casting liability on the master, and there having been no ruling that harmed him.

Appeal from Westchester County Court.

Action by Arthur J. Dealy, an infant, by D. Edmund Dealy, his guardian ad litem, against Robert Coble. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

Samuel F. Swinburne, for appellant.

Michael J. Tierney, for respondent.

JENKS, J. The action is against a master for misconduct of his servant. The servant was driving the master's private sleigh, wherein were the children of the master, along a public highway. The plaintiff, a lad 10 years old, who jumped onto the runner of the sleigh, was struck by the servant with a whip. If the act was committed by the servant in the scope of his employment, the master was liable. Hewson v. Interurban St. Ry. Co., 95 App. Div. 112, 88 N. Y. Supp. 816, and authorities cited; Grimes v. Young, 51 App. Dip. 239, 64 N. Y. Supp. 859; Magar v. Hammond, 183 N. Y. 387, 76 N. E. 747. I think that the evidence justified a finding that the act was committed in the scope of the defendant's employment. The lad had jumped onto the runner of the sleigh, and it is clear enough that the servant, as the driver of the sleigh, was seeking to put him off. Indeed, the servant testifies that he told the lad to get off, that the lad refused, and that he thereupon struck the lad twice. If the jury were justified in finding that in the act of putting the lad off the sleigh the servant, through misjudgment or violence or temper, went "beyond the necessity of the occasion" (Rounds v. Del., Lack. & W. R. R. Co., 64 N. Y. 129, 136, 21 Am. Rep. 597), then the master might be held liable. The jury could have found properly that, in seeking to put off a schoolboy 10 years old from the runner of the sleigh, the servant passed beyond the bounds of necessity when he struck the lad in the forehead with the butt end of the whip, so that he fell to the ground stunned and bleeding, with a "pretty severe cut," that required the attention of the surgeon.

The learned counsel for the appellant contends that the servant was attempting to punish the lad for snowballing him, inasmuch as the plaintiff and his companion had thus annoyed the servant. The lad testifies that on this day, although there was snowballing among the boys, nothing was thrown at the driver or his horse. He is corroborated by his companions and by one of the children of the defendant in the sleigh, who testifies that, although snowballs had been fired at the horse and the man on that day, it was before "we got to Arthur Dealy" (the plaintiff), and that "Arthur didn't do any snowballing that day." The learned counsel also contends that the master is not liable because the boy had desisted before the assault. But the testimony shows that, even if the lad jumped off the runner to avoid the first blow or after receiving it, he was still running along with his hands on the back of the sleigh. This justifies a conclusion that he had not gone away, but still held onto the sleigh, evidently with the purpose of seeking to get onto the runner again.

The plaintiff complains that the servant, "without any legal cause or justification, carelessly, negligently, wrongfully, and violently struck the plaintiff upon the head and face," etc. The terms of the charge rather indicate that the learned court regarded the action as one for negligence, and the learned counsel for the appellant took that view, as is shown by his specific requests to charge. This was not the theory of the learned counsel for the plaintiff, however, as appears from his final request to charge. I think that his view was correct, in that there was no duty of affirmative care owed by the defendant to the plaintiff. Magar v. Hammond, supra.

· I think, however, that the facts warrant the finding by the jury casting liability upon the master, within the rules of liability under the authorities heretofore referred to, and the judgment must stand.' See Johnson v. N. Y. C. & H. R. R. R. Co., 173 N. Y., at page 83, 65 N. E., at page 947. In such an action, contributory negligence is not a defense. Hewson v. Interurban St. Ry. Co., supra; Magar v. Hammond, supra. The defendant is not prejudiced by this view of the trial court, if such was its view, that was concurred in by his counsel, for there is no ruling, exception, request, or motion that harms him. Contributory negligence, under the circumstances, would be a question of fact for the jury, and not a question of law, as the learned counsel contended before the trial court.

The judgment and order must be affirmed, with costs. All concur.