MILDRED MULLER, by MARY FINCK, Her Guardian ad Litem, Respondent, v. FRANCIS HILLENBRAND, Appellant.

MARY FINCK, Respondent, v. FRANCIS HILLENBRAND, Appellant.

**Master and servant — when owner of apartment house not liable for injuries to child thrown off of sidewalk by janitor of the apartment house to prevent her from roller skating on sidewalk.**

Plaintiff, an infant under fourteen years of age, recovered a judgment against defendant, the owner of an apartment house, for injuries received when the janitor of the apartment house threw, or pushed, her off the sidewalk in front of the apartment house where she had been roller skating.  There is evidence that the tenants in the house had been annoyed by noise caused by children roller skating on the sidewalk in front of the apartments and had complained to the janitor and his wife with reference thereto, and that the janitor, acting on such complaints, had endeavored to prevent children from roller skating on the sidewalk.  *Held*, in the absence of any evidence as to the actual authority conferred upon the janitor by the defendant, that the janitor in assaulting the infant plaintiff was not acting within the actual or apparent scope of his employment, and hence his act is not chargeable to the defendant.

*Muller* v. *Hillenbrand*, 179 App. Div. 831, reversed.

*Finck* v. *Hillenbrand*, 179 App. Div. 831, reversed.

(Argued November 24, 1919; decided January 6, 1920.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 27, 1917, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*Stephen P. Anderton, Erving R. Philbin* and *Alfred W. Meldon* for appellant.   In determining whether an assault committed by a servant was within the scope of his employment, the law considers only the precise situation

at the time of the assault itself. (*Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289; *McKay* v. *Hudson River Line*, 56 App. Div. 201.) Neither Friedman's assumed " desire to further the interests of his employer by preventing the annoyance to the tenants of which they had complained and endeavoring to promote their comfort and to keep them contented," nor the supposed benefit to defendant of his assault, suffice to bring his act within the scope of his employment. (*Kaiser* v. *McLean*, 20 App. Div. 326; *Kennedy* v. *White*, 91 App. Div. 475; *Connor* v. *Benenson Realty Co.*, 152 N. Y. Supp. 700; *Grimes* v. *Young*, 51 App. Div. 239; *Brown* v. *Jarvis Engineering Co.*, 166 Mass. 75; *Limpus* v. *London G. O. Co.*, 1 H. & C. 526.)

*Henry Siegrist* and *Edward Lauterbach* for respondents. The question as to whether Friedman committed the assault within the scope of his employment was properly submitted to the jury as one of fact. (*Mott* v. *Consumers Ice Co.*, 73 N. Y. 543; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100, 105; *Magar* v. *Hammond*, 183 N. Y. 387; *Craven* v. *Bloomingdale*, 171 N. Y. 439; *Palmeri* v. *Man. Ry. Co.*, 133 N. Y. 261; *Lynch* v. *Met. El. Ry. Co.*, 90 N. Y. 77; *Becker* v. *Borck*, 157 N. Y. Supp. 505; *Herrman* v. *New York Edison Co.*, 175 App. Div. 535; *Katz* v. *Lutz*, 176 App. Div. 460, 464; *Kennedy* v. *White*, 91 App. Div. 475; *Kurland* v. *Roach*, 165 N. Y. Supp. 807; 6 Labatt's Master & Servant [2d ed.], § 2364; *Dealy* v. *Coble*, 112 App. Div. 296.)

MCLAUGHLIN, J. The infant plaintiff brought this action to recover damages for personal injuries alleged to have been sustained by reason of an assault committed upon her by defendant's janitor. The other action is by the infant's mother to recover damages resulting from such injuries. Each plaintiff had a verdict upon which judgment was entered for a substantial

amount, and which, in each case, was modified by the Appellate Division, and as modified affirmed. Defendant appeals to this court.

On the 9th of September, 1914, the defendant was the owner of two seven-story apartment houses in the city of New York, of which one Friedman was the janitor. His duties as such were those usually performed by a janitor, and included keeping the halls and sidewalks clean, washing the windows and showing the apartments to prospective tenants. The infant plaintiff, at the time of the assault, was eleven years of age. No testimony was offered at the trial as to the actual authority conferred upon the janitor by the defendant, except that the janitor testified, on one occasion when he informed defendant that boys playing ball on the sidewalk had broken some windows, the defendant then instructed him that at any time thereafter when he saw boys playing ball and breaking windows, to call a police officer on the beat.

The evidence adduced at the trial tended to establish, and justified the jury in finding, that the tenants had been annoyed by the noise caused by children roller skating on the sidewalk in front of the apartments and had complained to the janitor and his wife with reference thereto. Acting on such complaints, he had endeavored to prevent children from roller skating on the walks. On the day named the testimony on the part of the plaintiff, which is corroborated by two of her companions, shows that immediately prior to the assault, she and three girls about her own age had been roller skating on the sidewalk for some considerable time; that the janitor went upon the sidewalk and addressing the plaintiff, who was then standing on the walk with her roller skates on, told her to get off the walk; that she refused to do so; that he then told her if she did not get off he would throw her off, and her reply was, " I would like to see you; " that he then grabbed her by the arm, threw or shoved her from the walk to the street, causing her to

fall, and as she did so her back struck the curbstone and inflicted very serious injuries. Actions were thereafter brought against the owner of the apartment houses, with the result as above indicated.

The janitor, in assaulting the infant plaintiff, was not acting within the actual or apparent scope of his employment. Had the defendant been present he would have had no authority to do what the janitor did and what he could not legally do he could not, in a legal sense, authorize the janitor to do for him. (*Poulton* v. *L. & S. W. Ry. Co.*, 1867, L. R. 2 Q. B. 534; Pollock on Law of Torts [10th ed.], 97, 98.)

The rule of liability of a master for the acts of his servant is tersely stated in *Mott* v. *Consumers' Ice Co.* (73 N. Y. 543, 547). It is that "For the acts of the servant within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interests, the master will be responsible, whether the act be done negligently, wantonly, or even wilfully. * * * But if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible." To the same effect is *Girvin* v. *N. Y. C. & H. R. R. R. Co.* (166 N. Y. 289).

The infant plaintiff had a right to be upon the sidewalk and, so far as appears, to use it for roller skating, though she was not at the time the assault was committed using it for that purpose. If the act of there skating created such an annoyance to tenants as to, in effect, amount to a nuisance, then the janitor, if authorized by the owner of the apartments so to do, should have proceeded in a lawful way to abate the nuisance, instead of taking the law into his own hands and committing the assault which he did. He appreciated, on a former occasion, when boys were playing ball on the

sidewalk, that he had no authority to throw them off, and when the master's attention was called to it, he told him what to do in the future.

It may very well be that the noise caused by roller skating on the sidewalk was annoying to the tenants, and that the janitor supposed he was furthering the master's interests by trying to prevent the annoyance, but this did not change the legal relation of the parties or confer upon him authority which the master himself did not possess. As the janitor was not engaged in performing any act connected with his employment, at the time of the assault, his act is not chargeable to the defendant. The plaintiffs' remedy, if they have any, is against the janitor and not the defendant.

Each judgment, therefore, should be reversed and each complaint dismissed, with costs in all courts.

Collin, Hogan, Cardozo, Pound and Elkus, JJ., concur; Hiscock, Ch. J., absent.

Judgments reversed, etc.