IRENE D. HALL, Respondent, *v.* ELMER E. SMATHERS and Another, Appellants.

First Department, March 21, 1924.

**Landlord and tenant — action by tenant of apartment house to recover damages for assault by janitor employed by defendants, owners, upon theory of negligence in knowingly keeping drunken janitor with ungovernable temper — assault occurred when plaintiff went to basement to feed cats to which janitor objected — plaintiff had no right to basement except for purpose of storage — plaintiff was trespasser in feeding cats and defendants owed no duty to her in respect to janitor — judgment for plaintiff reversed and complaint dismissed.**

In an action by a tenant of an apartment house against the owners to recover damages for an assault by a janitor employed by the defendants upon the theory that the defendants were negligent in keeping in their employ a janitor with knowledge of his drunkenness and ungovernable temper, a judgment for the plaintiff must be reversed and the complaint dismissed, where it appears that the assault occurred when the plaintiff went to the basement to feed some cats contrary to the wishes of the janitor, and that the plaintiff had no right to use the basement except for storage purposes, as under such circumstances the plaintiff was a trespasser and the defendants owed no duty to her in respect to the kind of janitor they employed.

MERRELL and MARTIN, JJ., dissent.

APPEAL by the defendants, Elmer E. Smathers and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of April, 1923, upon the verdict of a jury for $5,000, and also from an order made on the 19th day of June, 1923, denying defendants' motion for a new trial made upon the minutes.

*Ewing, Alley & Voorhees* [*Caruthers Ewing* of counsel], for the appellants.

*Edward A. Scott* [*Arthur Ofner* of counsel], for the respondent.

SMITH, J.:

The defendants were the owners of an apartment house in the city of New York. The plaintiff rented rooms upon the third

floor of the apartment house with a right to a portion of the basement for storage purposes. Prior to the time of this rental the lower story had been occupied as a restaurant and a good many rats annoyed the restaurant proprietor who got twenty-eight cats. When the restaurant went out of the place apparently the rats disappeared, but the cats were still there and the defendants made no provision for their feeding. The plaintiff, a kind-hearted woman, made complaint to the Society for the Prevention of Cruelty to Animals, which finally took away all but three of these cats. The janitor of the building, a man by the name of Staats, wanted to get rid of these three cats. The plaintiff was allowed by the elevator boy to go down and feed the cats at different times, which was probably known by this janitor. There came a time, however, when the janitor insisted that she should not be allowed to feed the cats, because he wanted to get rid of them. At the time in question she went down to feed them and he insisted that they should not be fed and a quarrel ensued and this janitor struck the plaintiff and broke her hand with the muzzle of a gun he had. The complaint alleged and the proof shows that the janitor was a drunken, worthless fellow of ungovernable temper.

The case was sent to the jury on the theory that the defendants had knowledge of the fact that this janitor was a drunken loafing fellow of violent disposition and had assaulted and beaten people upon the premises. The action is brought against the owners of the apartment house. Recovery was allowed on the ground of negligence in keeping this man as janitor of this building with knowledge of the fact of his drunkenness and ungovernable temper.

I think the plaintiff was a trespasser when she went down to feed these cats. She had no business in the basement except for the purposes of storage. The assault made by the janitor upon the plaintiff was not made in any way in the performance of his duties and a situation is presented the same as if a stranger had persisted in feeding the cats against the wishes of the janitor. There is, therefore, no duty owing by the defendants to a supposed stranger, or to this plaintiff, to provide any particular kind of a janitor for such a purpose, and they violated no duty, even though they knew that the janitor was of an ungovernable temper. If the plaintiff had been assaulted while she had been down there for the purpose of looking after storage, then clearly the defendants would have been liable, even though the assault had been willful. But without any duty owing to her because she was down there as a stranger and trespasser, I cannot see how the defendants are liable for the willful act of the janitor in causing this injury. He was not attempt-

ing to put this woman out of the cellar. He did not ask her to go out. He simply got angry with her because she interfered with him and made this willful and malicious assault.

In *Miller* v. *Woodhead* (104 N. Y. 471) the tenant occupied certain rooms in a house which overlooked an extension roof wherein was a skylight. The tenant had the right to use the roof for the purpose of hanging out and drying her clothes. A three-year old child of a lady visiting the tenant fell through the skylight. It was held that she could not recover, because she had no right to use the roof except for the purpose of hanging out her clothes.

In *Giannettino* v. *Weiss* (233 N. Y. 674) the plaintiff observed a crowd of boys teasing the janitress of an apartment house, and, though the plaintiff had nothing to do with enraging the janitress, she drove the boys away and threw a stick at them which injured plaintiff's eye. The court held that the owner of the apartment house was not liable.

In *Muller* v. *Hillenbrand* (227 N. Y. 448) children were skating upon the sidewalk in front of an apartment, to the annoyance of the tenants. It was the janitor's duty to prevent things annoying tenants. The janitor directed the plaintiff to cease roller skating on the sidewalk and threatened to throw her off the sidewalk. Plaintiff refused to move and the janitor threw her, inflicting serious injury. The Court of Appeals, reversing this court, held that the janitor in assaulting the infant plaintiff was not acting within the actual or apparent scope of his employment. Had the defendant been present he would have had no authority to do what the janitor did, and what he could not legally do he could not, in a legal sense, authorize the janitor to do for him. In that case the conclusion was reached: "As the janitor was not engaged in performing any act connected with his employment, at the time of the assault, his act is not chargeable to the defendant. The plaintiffs' remedy, if they have any, is against the janitor and not the defendant."

In *Mott* v. *Consumers' Ice Co.* (73 N. Y. 543) the conclusion is stated: "If a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible; so that the inquiry is whether the wrongful act is in the course of the employment, or outside of it, and to accomplish a purpose foreign to it. In the latter case the relation of master and servant does not exist so as to hold the master for the act."

In *Hume* v. *Elder* (178 App. Div. 652) the rule stated is that a master is not liable for a servant's act, when the latter was

**602**     People ex rel. Kohlman & Co., Inc., v. Law.

Third Department, March, 1924.     [Vol. 208

acting in his own behalf, although the opportunity of doing the act arises out of the servant's employment.

Cases cited by the respondent all show some distinguishing feature from the one at bar. In *Katz* v. *Lutz* (176 App. Div. 460, 464) the employee was hindered in performing his duties by the acts of the children, and in *Dealy* v. *Coble* (112 id. 296) the driver of the sleigh was performing his duty at the time of the act complained of.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

Clarke, P. J., and Finch, J., concur; Merrell and Martin, JJ., dissent.

Judgment reversed, with costs, and complaint dismissed, with costs.