RAYMOND DOSCHER, an Infant, by HERMAN DOSCHER, His Guardian ad Litem, Appellant, *v.* SUPERIOR FIRE PROOF DOOR AND SASH COMPANY, INC., Respondent, Impleaded with HENRY FUCHS, Defendant.

HERMAN DOSCHER, Appellant, *v.* SUPERIOR FIRE PROOF DOOR AND SASH COMPANY, INC., Respondent, Impleaded with HENRY FUCHS, Defendant.

First Department, June 24, 1927.

**Master and servant — liability of master for negligence of servant — action to recover for injuries suffered by infant who was hit by iron thrown by servant of defendant — servant threw iron at boys who were trying to hitch to rear of defendant's automobile — servant was within scope of employment — defendant is liable for servant's acts.**

This is an action to recover for injuries suffered by the infant plaintiff when he was struck by a piece of iron thrown by a servant of the defendant. The

defendant's servant threw the iron at other boys who were trying to hitch to the rear of defendant's automobile which the servant was using and the iron struck the infant plaintiff. The defendant's servant was acting within the scope of his employment in trying to frighten the other boys away from the automobile and his negligence is imputable to the defendant.

APPEAL in each of the above-entitled actions by the plaintiff from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 14th day of May, 1927, granting the motion of the Superior Fire Proof Door and Sash Company, Inc., to dismiss the complaint as to said defendant.

*Leonard F. Fish* of counsel [*Patrick J. McMahon*, attorney], for the appellants.

*Julius B. Sheftel*, for the respondent.

MERRELL, J. The first of the actions was brought by the infant plaintiff, by his guardian *ad litem*, to recover of the defendant, respondent, and one Henry Fuchs damages for personal injuries alleged to have been sustained by the infant plaintiff as the result of being struck by a bar of iron alleged to have been negligently thrown by the defendant Fuchs, an employee of the defendant Superior Fire Proof Door and Sash Company, Inc., while in the operation of its motor vehicle. The second action is brought by the father of said infant plaintiff in the first action for loss of services of his infant son and for moneys spent by the plaintiff in endeavoring to cure his said son of the injuries sustained by reason of the negligence of the defendants. The plaintiffs, so far as pertinent to these appeals, allege their causes of action in practically the same manner.

Before answering, the defendant Superior Fire Proof Door and Sash Company, Inc., moved to dismiss the complaint in each action, " pursuant to appropriate sections of the Civil Practice Act," and without stating specifically the grounds upon which the defendant moved. The real ground upon which defendant's motions were made was that the complaint in each case fails to state facts sufficient to constitute a cause of action. The court at Special Term, in each action, granted the motion of the defendant and dismissed the plaintiff's complaint, with permission, however, to serve an amended complaint within ten days after service of a copy of the order appealed from and notice of entry thereof, and upon payment of ten dollars costs.

The infant plaintiff, in his complaint, alleges that the defendant Superior Fire Proof Door and Sash Company, Inc., was the owner

of a motor vehicle and employed the defendant Henry Fuchs to operate and maintain the same, and that said Henry Fuchs was in the service of the said defendant Superior Fire Proof Door and Sash Company, Inc., and was subject to its instructions; that on or about the 30th day of April, 1926, while the infant plaintiff, in company with his brother, was in a pushmobile in front of certain premises at 1812 Carter avenue, in the borough and county of The Bronx, New York city, he was struck on the head by an iron bar which had been negligently thrown by the said defendant Henry Fuchs, the agent, servant and employee of the defendant Superior Fire Proof Door and Sash Company, Inc., in an endeavor on the part of said Fuchs to frighten some boys who at that time were in the act of hitching on back of the said motor vehicle operated by the said Fuchs; that said iron bar, which was negligently thrown, accidentally came in contact with the head of the said infant plaintiff, without any negligence on the part of said plaintiff in any wise contributing thereto, but solely by the negligent acts and omissions of the defendants, and each of them, and as a result the infant plaintiff sustained serious, painful and permanent injuries, all to his damage in the sum of $15,000. Upon such allegations judgment was demanded in favor of the plaintiff and against the defendants in that sum.

At Special Term and upon this appeal the defendant, respondent, contends that the act of the driver, Fuchs, in throwing the bar was not within the scope of his employment, and that, therefore, the employer, the respondent herein, was not liable; that the respondent is not liable for an act of a servant which the employer himself could not do with impunity. If the respondent is correct in such contention, then no amendment of the complaint will be of any avail to the plaintiff. In my opinion the respondent is incorrect in its premise that Fuchs, the driver of the car, was acting without the scope of his employment in attempting to frighten away the boys who were attempting to hitch to the back of the defendant's motor vehicle. I think that the respondent, the employer, would have had a clear right to prevent the boys hitching upon its car, and that Fuchs, the employee of the respondent, was acting within the scope of his employment in attempting to frighten the boys away. In this attempt he threw a bar of iron which accidentally struck the infant plaintiff who was riding in a pushmobile and who was not one of the boys whom the driver was trying to frighten away. In throwing the bar of iron the driver acted willfully. In *Muller* v. *Hillenbrand* (227 N. Y. 448), *Giannettino* v. *Weiss* (233 id. 674) and in the other authorities

upon which the respondent relies, the employee clearly was acting without the scope of his employment and was doing an act which the employer might not have legally done, and for this reason the employer was absolved from liability.   In the case of *Hall* v. *Smathers* (208 App. Div. 599), relied upon by the respondent as justifying a dismissal of the complaints herein, the plaintiff was a tenant in a tenement house of the defendants, having certain rights in the basement of the apartment house for storage purposes. The basement was infested with rats and a number of cats had been procured to rid the premises of the rats.   The plaintiff had been accustomed to go into the basement to feed the cats at different times.   The defendants' janitor objected to this, as he desired to get rid of the cats.   A quarrel arose between the plaintiff and the janitor over the matter, and the janitor struck the plaintiff and broke her hand.   The complaint alleged and the proof established that the janitor was a drunken, worthless fellow of ungovernable temper.   The plaintiff sued the defendants, the owners of the building, for damages as the result of the assault upon her by the janitor.   At Trial Term a recovery was had on the ground that the defendants were negligent in employing a man of the janitor's habits and propensities with knowledge thereof.   On appeal from the judgment entered upon the verdict in plaintiff's favor at Trial Term, this court, two justices dissenting, held that the plaintiff was a trespasser in the basement, and that the assault upon her by the janitor was not made in the performance of his duties, and that the defendants were not responsible for the acts of their employee, and reversed the judgment in plaintiff's favor upon the facts as well as the law, and dismissed the plaintiff's complaint. The plaintiff appealed to the Court of Appeals from the judgment entered upon the order of reversal by this court and by which order the plaintiff's complaint was dismissed.   The Court of Appeals held (*Hall* v. *Smathers*, 240 N. Y. 486) that under the complaint the plaintiff could have maintained a cause of action for the assault by the defendants' servant while acting in the performance of his work and within the scope of his authority for the defendants; or else an action for negligence, in that the defendants knowingly kept and maintained on their premises as a janitor a man whom they knew to be drunken, incompetent and dangerous to tenants, and thus through their negligence caused injury to the plaintiff; that the complaint was broad enough to cover either cause of action.   Inasmuch as this court had reversed upon the facts as well as upon the law, the Court of Appeals was unable to reinstate the verdict, and ordered a new trial, the Court of Appeals suggesting in its opinion that the evidence presented

at the trial was ample to charge the defendants with responsibility for the vicious acts of their servant, while acting within the performance of his work and within the scope of his authority.

In the case at bar, the defendant Fuchs, the driver of the respondent's motor vehicle, in taking steps to prevent a trespass thereon by the boys who were attempting to hitch their wagon to it, committed an act of negligence as the result of which the infant plaintiff was injured. I think, under the decisions in *Dealy* v. *Coble* (112 App. Div. 296), *Hewson* v. *Interurban St. R. Co.* (95 id. 112), *Herrman* v. *New York Edison Co.* (175 id. 535) and *Rounds* v. *D., L. & W. R. R. Co.* (64 N. Y. 129), none of which have been overruled, as claimed by the respondent, by the later decisions, and under the recent decision of this court in *Cusack* v. *Ottinger* (218 App. Div. 816), Fuchs was clearly acting within the scope of his authority, and that his negligence is imputable to his employer.

I am, therefore, of the opinion that the complaint states facts sufficient to constitute a cause of action in each case, and that the orders appealed from should be reversed, with ten dollars costs and disbursements, and the motion of the defendant Superior Fire Proof Door and Sash Company, Inc., should be denied in each case, with ten dollars costs, with leave to said defendant to answer upon payment of said costs.

FINCH, McAVOY, MARTIN and PROSKAUER, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant, respondent, to answer within twenty days from service of order upon payment of said costs.