STANLEY FABISIAK, an Infant under the Age of Fourteen Years, by WALTER FABISIAK, His Guardian ad Litem, Respondent, v. EMPIRE STEEL PARTITION Co., INC., Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. We are of opinion that upon the record in this case the infant plaintiff was not upon defendant's premises at the time of the accident, with the defendant's consent, permission or knowledge, and as

to it was not a licensee. Defendant's employee, in sending plaintiff upon a personal errand, was not acting within the scope of his employment or in furtherance of defendant's interest. (*Muller* v. *Hillenbrand*, 227 N. Y. 448; *Rolfe* v. *Hewitt*, Id. 486; *Mott* v. *Consumers' Ice Company*, 73 id. 543.) Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Carswell, J., dissents and votes to affirm, with the following memorandum: Defendant's proof was that the machine was guarded and that the guard made an accident impossible. The jury found that the boy was injured by the machine; therefore, the jury found that the machine was not guarded. This failure to guard was a violation of the statute, ■ the primary purpose of which, but not the sole purpose, was to protect defendant's employees. The maintenance of the machine in this unguarded condition while functioning was in the nature of a trap which operated to the damage of the plaintiff, and for the maintenance of which trap defendant should be required to respond to plaintiff even though he is not a licensee.