EUGENE GRANATELLI, an Infant, by LENA GRANATELLI, His Guardian ad Litem, et al., Appellants, v. FANNY KALMANOWITZ, Respondent.

First Department, June 9, 1944.

*Irving C. Rosenkrantz* for appellants.

*William J. Tropp* for respondent.

*Per Curiam.* The record is devoid of evidence to indicate that the superintendent of the apartment house acted by order of or with the knowledge of defendant.

We think, too, there is no evidence from which the jury could find that the superintendent was acting within the scope of his authority. (*Muller* v. *Hillenbrand*, 227 N. Y. 448.) The act was not done on defendant's premises or even on the sidewalk in front of it but on the roadway over which neither defendant nor the superintendent had jurisdiction or authority.

The judgment appealed from should be affirmed, with costs.

UNTERMYER, J. (dissenting). The superintendent had implied authority to remove from the roadway the fire placed about one foot from the curb directly in front of the defendant's premises, or at least a jury could so have found. Such a fire constituted an unlawful impediment to access to the defendant's premises, which the superintendent had authority to remove to the same extent that he had authority to remove snow or any other impediment preventing access to the curb.

The present case differs from *Muller* v. *Hillenbrand* (227 N. Y. 448) where it was held that no implication of authority could exist forcibly to remove the infant plaintiff from the sidewalk because " the infant plaintiff had a right to be upon the sidewalk and, so far as appears, to use it for roller skating * * *." Since the owner had no power to remove the infant plaintiff from the sidewalk, it could not be assumed that the superintendent had authority to do that which the owner might not do.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur in *Per Curiam* opinion; UNTERMYER, J., dissents and votes to reverse and grant a new trial.

Judgment affirmed, with costs.