**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MONOGRAM MODELS, INC., Respondent.**

**No. 17536.**

United States Court of Appeals Seventh Circuit.

Dec. 9, 1969.

Rehearing Denied Feb. 20, 1970.

---

3. See remarks of Justice Schaefer in People v. Moore, 35 Ill.2d at 402–403, 220 N.E.2d at 443 (1966).

Before KNOCH, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and GRANT, District Judge.*

GRANT, District Judge.

This is a petition by the Labor Board, pursuant to Section 10(e) of the Labor Management Relations Act, 61 Stat. 146 (1947), 29 U.S.C. § 160(e), for enforcement of an Order issued against Respondent, Monogram, on March 21st, 1968.[1] The Board found that Monogram violated Section 8(a) (1) of the Act. We agree.

Monogram, which manufactures model hobby products, is located in Morton Grove, Illinois, adjacent to State Highway No. 43 (commonly known as Waukegan Road) just north of its intersection with Caldwell Avenue. Monogram's property fronts to the west on Waukegan Road, a four-lane highway with a posted speed limit of 45 M.P.H. The lot is rectangular in shape and bounded on the south and east by a forest preserve. To the north is located an Illinois Bell Telephone facility. Respondent's premises are fenced in on all sides except the west where there are two exits from, and one entrance to, the plant off of State Highway No. 43.

Respondent's property, on this west side, extends to the center line of Waukegan Road, but the western fifty feet thereof are impressed with a permanent public highway easement. Proceeding east from the center line of Waukegan Road, the paved highway extends thirty feet. An unimproved and irregular shoulder extends along the edge of the paved way for several yards. Pedestrians traveling north and south on the east side of Waukegan Road walk on this shoulder which is bounded, on its east side, by concrete parking blocks, Monogram's paved parking lot for employee use, and a building used for manufacturing, respectively.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, William J. Avrutis, Frank H. Itkin, Attys., N. L. R. B., Washington, D. C., for petitioner.

Philip D. Goodman, Chicago, Ill., for respondent.

---

* District Judge from the United States District Court for the Northern District of Indiana, sitting by designation.

1. The Board's Decision and Order are reported at 170 NLRB No. 84.

Located at the southwest corner of the property are two traffic signals to control traffic entering and exiting from Monogram's plant. These signals are located within the fifty-foot highway easement. In January, February, and April, of 1967, agents of the Union, District No. 8, International Association of Machinists and Aerospace Workers, AFL–CIO, stood on the shoulder, adjacent to these stoplights, and attempted to distribute Union literature to Respondent's employees. Respondent threatened the non-employee Union organizers with arrest and prosecution for criminal trespass and secured local police assistance in removing them from the premises.

The Union then filed a complaint charging Monogram with a Section 8(a) (1) violation. On November 30, 1967, the Trial Examiner issued his decision, finding that Monogram interfered with the distribution of Union literature by non-employee organizers in violation of Section 8(a) (1) of the Act. The Board, on March 21, 1968, adopted the Trial Examiner's findings, conclusions, and recommended order, with some modification.

Monogram's position, from the outset, has been that the Union organizers were on its private property and had other reasonable means of access to the employees and, therefore, that it was justified in threatening the organizers with prosecution for trespass and causing the police to remove them from the property.[2]

Admittedly, the Union agents were on Monogram's property. They were, however, using an area impressed with an easement for purposes of a public highway. Respondent contends that the easement was limited to travel by vehicular traffic and that to allow the Union to handbill employees from the shoulder, adjacent to the traffic signals, places an additional servitude on its property. Additionally, Monogram argues that the shoulder area has never been used for easement purposes so that it remains private property as though no easement had ever been taken.

Respondent reads the scope of the easement too narrowly. It was taken for purposes of a public highway which include, among other incidental uses, pedestrian passage. See In re Opinion of the Justices, 297 Mass. 559, 8 N.E.2d 179 (1937). Cf., Chicago Motor Coach Co. v. City of Chicago, 337 Ill. 200, 169 N.E. 22, 66 A.L.R. 834 (1929); Muller v. Hillenbrand, 227 N.Y. 448, 125 N.E. 808, 8 A.L.R. 1455 (1920); Indiana Springs Co. v. Brown, 165 Ind. 465, 74 N.E. 615, 1 L.R.A.,N.S., 238 (1905). And in view of the stipulation entered into by General Counsel and Monogram, that "[p]edestrians going north and south on the east side of Waukegan Road walk on the shoulder," the latter cannot now argue that the shoulder was never used for easement purposes, i. e., pedestrian travel.

In our view, the shoulder area here in dispute is legally indistinguishable from a sidewalk. The only difference is that a sidewalk is an improved concrete way for pedestrian travel. This shoulder is thus an unimproved sidewalk or walkway—call it what you will. Access to such a public way is associated with First Amendment rights. Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968); Marshall Field & Co. v. N. L. R. B., 200 F.2d 375 (7th Cir. 1953). Handbilling is within the protection of the First Amendment. Logan Valley, supra. The record is devoid of any facts which even hint that the Union agents were dis-

2. See N.L.R.B. v. Babcock & Wilcox Co., 351 U.S. 105, 76 S.Ct. 679, 100 L.Ed. 975 (1956). The Trial Examiner found, not only that the organizers were not on Monogram's private property but, alternatively, even if they were, the Union did not have other reasonable access to the employees. This latter alternate finding is not before us because the Board declined to rule on it. Its order was grounded solely on the theory that the attempted handbilling took place on a public, or quasi-public, site, and thus interference therewith was unlawful.

orderly or otherwise removed themselves from the First Amendment's protective pale. Respondent could not, then, without committing a Section 8(a) (1) violation, threaten the non-employee organizers with criminal trespass prosecution, since their use of the property was lawful and protected. *Logan Valley, supra. Marshall Field & Co., supra.*

The Board's order will be enforced in full.